## TRUST *vs.* HARNED.

*In the matter of the Estate of* WILLIAM D. HARNED, *deceased.*

JUDGMENTS docketed and decrees enrolled against the decedent are entitled to be paid in the order of their priority, in the third class of debts, according to the rule prescribed in the Revised Statutes. The docketing contemplated in this provision of the statute is the docketing made by the clerk of the court in which the judgment is recovered.

Where a judgment had been recovered against the intestate in the Superior Court of the City of New-York, and had been regularly docketed by the clerk of the court, but a transcript of the docket had not been filed with the county clerk of New-York,—*Held,* that the judgment was entitled to priority of payment in the third class of debts.

The preference given by the Revised Statutes to judgments and decrees in the order of their respective dates, has no reference to the question whether or not they are liens on real estate, but the rule was derived from the common law and applied to all judgments, on the ground of their superior rank over specialty and simple contract debts.

The executor or administrator may protect himself from danger of paying debts out of their order of priority, where the estate is insolvent, by refraining from distribution until the expiration of the legal advertisement for the presentation of claims.

     R. H. SHANNON, *for Creditor.*

     P. G. CLARK, *for Administrator.*

THE SURROGATE.—Joseph W. Trust recovered a judgment against the intestate in the Superior Court of the City of New-York, on the 25th day of January, 1851. After the death of Mr. Harned, the administrator caused a search to be made for transcripts of judgments filed in the office of the clerk of this county, and proceeded to pay the judgments certified in the return of the clerk, according to their date, and order of priority. A transcript of the judgment recovered by Trust, was not docketed in the office of the county clerk; and the administrator claims, that by reason of this neglect, this judgment creditor has lost his priority over the other judgments. The statute gives preference to judgments recovered against the deceased, in the third class of debts, in the following words: " judgments docketed and decrees enrolled against the deceased, according to the priority thereof respectively." (2 *R. S. p.* 87, § 28, 32.) The docketing of judgments in courts of record was originally confined to their alphabetical arrangement in books kept by the clerk, according to the names of the parties, together with a summary statement of the amount, and the date of entry on the docket. (2 *R. S. p.* 361, § 12, 13.) Subsequently the system was adopted of requiring transcripts of the original docket to be filed with the clerk of the county where the judgment was rendered, or of any other county, in order to become a lien on lands within that county. (*Code*, § 282 ; *Stevenson* vs. *Weisser*, 1 *Bradf. R.* 343 ; 2 *R. S. p.* 361, § 13 ; *Laws*, 1840, *ch.* 386, § 26, 27, 28, 29.)

But the preference given by the Revised Statutes to judgments and decrees in the order of their respective dates, had

no reference to the question whether or not they are liens on real estate. The rule was derived from the common law, and applied to all judgments, on the ground of their superior rank over specialty and simple contract debts. The application of the statute to decrees enrolled, as well as to judgments docketed, shows that no regard was had to liens on lands, in this class of debts; for decrees enrolled are not liens, unless docketed, and the statute does not require them to be docketed in order to come in for a preference. (*Ainslie* vs. *Radcliff*, 7 *Paige, R.*, 439; *Salter* vs. *Neaville*, 1 *Bradf. R.*, 488; *Brown* vs. *Public Administrator*, 2 *id.*, 103; *Bernes* vs. *Weisser*, *ibid.*, 212.) The docketing of judgments which existed at the time this statute was passed, and to which it referred, was simply a docketing by the clerk of the court. Subsequent enactments, which prescribed a docketing with the county clerk, in order to make the judgment a lien upon real estate, have not dispensed with the docket by the clerk of the court rendering the judgment, nor modified its legal effects and consequences, in relation to the distribution of the estates of deceased persons.

If it be said that this will expose the executor or administrator to the necessity of making searches in all the courts, before he can make distribution within the year after the decedent's death, without peril, it may be answered, that such was undoubtedly the effect of the law at the time it was enacted, and before the modern plan of docketing judgments with the county clerk was adopted. If the advantage derived from the new system, in having some central point of concentration of judgment liens, ought to be extended to the legal representatives of deceased persons, that may be accomplished by legislative action; but, as the law now stands, there certainly is danger in paying either judgment or simple contract debts, within the year, if the estate be insolvent. It must be remembered, however, that it is in the power of the executor to protect himself by an advertisement for claims, which, when duly made, will authorize distribution of the estate, without personal risk to respond for judgment claims or any

other demands which have not been presented under the advertisement and before distribution. I can discover, therefore, no reason for excluding a judgment docketed by the clerk of the court in which it was recovered, although not docketed with the county clerk, from its due priority as secured and prescribed by the statute.