Grant B. Taylor, as Receiver, etc., Respondent, v. The Port Jefferson Milling Company, Appellant.— Judgment affirmed, with costs.—

PRATT, J.: This is an appeal from a judgment entered upon a trial by a judge without a jury. There is no substantial dispute about the facts and the result of the trial seems to be entirely just and proper. At first blush it seems strange that a judgment should have been ordered for the full amount of the note, but it is provided by statute (Laws of 1853, chap. 466, § 13) what shall be the form of the judgment, and no injustice follows because the executors can issue for no more than is actually due, and such course was carried out in this case. At the settlement of the first suit the premium note was not given up and the defendant remained liable upon it for all assessments that had or should accrue prior to the cancellation of the policy, which accrued on the 16th of September, 1890. The contention of the defendant, that the settlement of the first suit was an accord and satisfaction between the plaintiff and defendant or a release of the defendant from further liability, is not sustained by the evidence; in-

deed, if such had been the intention of the parties, it would have been void as against existing creditors of the plaintiff's corporation. The statute under which the directors of this insurance company acted limited them in giving up the note only after the maker had paid his proportion of all losses that had accrued during the term of insurance. (See statute before referred to; *Hyatt. Receiver. v. Wait & Simmons,* 37 Barb. 29.) The assessment sued for was made in July, 1890, and the surrender of the policy was in September, 1890, and there seems to have been no provision made for the losses accrued between those dates. From this it is a fair inference that the officers not only did not give up the note, but never intended to release the defendant from liability thereon until he had fully complied with his duty under the statute by paying his proportion of the losses and expenses. A just result was reached by the trial judge and no error is pointed out sufficient to warrant us in disturbing the judgment. The defendant insists that an error was committed, because in this suit part of an assessment upon which a prior suit brought was included in this action. The answer to this contention is that part of the assessment was allowed to the defendant and the judgment as if it had not been included, so that, as against this defendant, no injustice was done, and the judgment is the same as if it had not been included in the last assessment. A mistake in including a previous assessment may be corrected upon the trial as well as any other mistake of figures in so far as it does not prejudice a party. It is only invalid as *against a party* prejudiced thereby. Neither does the fact that the receiver demanded too much render the demand void. The court

found in its ninth finding of law, "That the agreement of 17th of September, 1890, subsequently consummated, was a complete settlement and adjustment of all liabilities of the defendant upon its said note." The use sought to be made of this finding of law is inconsistent with the facts proved and with the judgment finally rendered. Notwithstanding all the technical objections raised, the judgment is entirely proper and just and must be affirmed. Dykman and Cullen, JJ., concurred.

In the Matter of the Probate of the Last Will and Testament of Myra Clark Gaines, Deceased.— Appeal dismissed, without costs. | 84  611 | 154a 747 |