THE VILLAGE OF ONEIDA, Respondent, *v.* T. AUGUSTUS THOMPSON and THOMAS W. ANGEL, Appellants, Impleaded with ELVERTON C. STARK.

*Villages — nature of the liability of a tax collector to the village — it is that of an ordinary debtor — not excused by failure of bankers with whom he has deposited tax moneys — effect of a new village charter.*

The liability of a tax collector of a village for moneys collected by him is absolute in its nature, and his position does not differ from that of an ordinary debtor at common law. He and his sureties are liable for any moneys which he has collected, but has not paid over, and are not excused by the fact that the moneys were deposited with bankers who subsequently failed.

The fact that a new charter was granted to the village in 1894 (Laws of 1894, chap. 620) does not affect the right of the village of Oneida to bring an action to recover moneys thus previously lost.

APPEAL by the defendants, T. Augustus Thompson and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Madison on the 29th day of April, 1895, upon the decision of the court rendered after a trial at the Madison Circuit before the court and a jury. On the trial both parties requesed that a verdict be directed in his favor, and the court thereupon dismissed the jury and asked that the case be submitted on written briefs.

*B. A. Ransom,* for the appellants.

*H. W. Coley,* for the respondent.

PARKER, J.:

The trial court has found as a fact, in this matter, that the moneys collected by the defendant Thompson, as collector of the village of Oneida, were deposited to his credit in the banking house of E. C. Stark & Co., and that the balance, for which this action is brought, remained to his credit when such bankers made their assignment. It further finds that such sum has never been paid over to the treasurer of such village, and we are satisfied from the evidence upon that question that such finding should not be disturbed. The question is, therefore, presented, as to what measure of liability should be imposed upon the collector and his sureties for the loss so sustained.

In the *Faulkner Case* (*People ex rel. Nash* v. *Faulkner*, 107 N. Y. 477, 487) it is said that the question is still an open one whether, when a case arises against an officer for not paying over and accounting for public moneys intrusted to him in his official capacity, his liability, in the absence of statutes specially defining it, shall be governed by the common law, or whether the broad and more rigid rule of responsibility laid down in the case of *Muzzy* v. *Shattuck* (1 Den. 233) shall be enforced in this State. In that case it was not considered necessary to determine that question, because the moneys received by the surrogate, the defendant therein, were not deemed public moneys.

That suggestion was adopted by this court in the *Tillinghast Case* (*Tillinghast* v. *Merrill*, 77 Hun, 481), and the question was there considered as an open one. It refused to accept the rule adopted in the *Dorr Case* (*Supervisors of Albany* v. *Dorr*, 7 Hill, 583) and held the defendant liable, though the moneys were lost by him in precisely the same way in which they were lost by the defendant in the case now before us. Its decision was placed, not upon the theory that there was anything in the bond of the supervisor, the defendant in that case, nor in the statute regulating his liability, that enlarged his common-law obligations, but upon the ground that the weight of authority was in favor of holding such officers as debtors to the town for the public moneys received by them. Such was the conclusion of law found by the trial court in that action, and such conclusion was affirmed on that appeal. That decision seems to be controlling in the case now before us. It is true that there is some difference in the phraseology of the conditions of the bonds and of the statutes imposing the liability in the two cases, but that difference is immaterial, inasmuch as in neither does the statute or the condition of the bond, in terms, or by necessary implication, impose the obligation of a debtor upon either officer. Moreover, though different in their phraseology they are alike in substance.

In the case now before us the condition of the bond is, that the officer will faithfully execute the duties of his office and pay over all moneys as provided by law. The law (§ 46 of the village charter [Laws of 1886, chap. 81]) required him to pay over to the treasurer all moneys *collected* by him within the time fixed for the return of

his warrant. In the *Tillinghast* case the officer was required to faithfully disburse, safely keep and account for the moneys received by him. In the event of his default the treasurer was directed to sue the bond for the benefit of the town and to pay over the amount received to the town. There was nothing in the statute indicating that the officer giving the bond sued upon was to be held to any greater liability than an honest discharge of his duties and a faithful paying over of moneys not properly disbursed. In either case the measure of liability is the same, and there was no more ground for holding the supervisor liable as a debtor or otherwise in the *Til-linghast* case than there is for holding the collector liable in the case now before us. This case cannot be distinguished from the *Tillinghast* case, and the rule there adopted must be applied to this.

As to the objection that the village of Oneida, as now reincorporated under chapter 620 of the Laws of 1894, has no right to maintain this action, we do not consider it well taken. The cause of action which the village of Oneida, as incorporated under the former acts, had against these defendants was not destroyed by the repeal of such acts. The evident intent of the Legislature was to preserve all such rights to the village of Oneida under its new charter, and such we think it has done by section 10 of title 11 of such charter. It is there declared that the repeal of the former acts shall not affect " any privilege granted, or right vested," when such repeal should take effect.

The judgment of the court below must be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.