946 (Sup. Ct.

(8 App. Div. 303)

SGOBEL et al. v. CAPPADONIA et al.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

LIENS—CREATION—PAYMENT OF CUSTOMS DUTIES.
   Where plaintiffs advanced money to pay the customs duties on goods
   imported by defendants, the advances being made under an agreement
   that plaintiffs should have a lien on the goods for the money so advanced,
   they are entitled by subrogation to the lien of the government for the du-
   ties.

Appeal from special term, New York county.

Action by Frank Sgobel and Horace W. Day against Filippo Cap-
padonia and the E. L. Goodsell Company, Limited. From an order
continuing an injunction restraining defendants from disposing of
certain boxes of lemons consigned to defendant Cappadonia in any
other manner than by selling the same at auction, and from paying
over either to defendant Cappadonia or to the owner of the lemons
so much of the proceeds of the sale as will be sufficient to satisfy
plaintiffs' claim of $250, defendants appeal. Affirmed.

Argued before BARRETT, RUMSEY, PATTERSON, and IN-
GRAHAM, JJ.

Dallas Flannagan, for appellants.
George A. Black, for respondents.

PER CURIAM. The plaintiffs having advanced to the defend-
ant Cappadonia the money necessary to pay the duties upon the
lemons under an agreement that they should have a lien upon such
lemons for the amount so advanced, and the defendant Cappadonia
having used the money borrowed from the plaintiffs for the pay-
ment of such duties, we think that the lien of the government upon
the lemons for duties passed to the plaintiffs by subrogation; so
that the plaintiffs became vested with the lien of the government
for such duties, and would be entitled to enforce such lien in this
action. The shippers of the lemons have no claim against these
plaintiffs, and have no right to offset as against them the claim
against the defendant Cappadonia so as to destroy the plaintiffs'
lien. The shippers of the goods make no claim here to the pro-
ceeds of the sale, and it would be unjust to allow the proceeds of
the sale to be paid to the defendant Cappadonia to enable him to
defraud the plaintiffs by repudiation of his agreement with them
that the goods themselves should be disposed of, and the amount
that plaintiffs advanced repaid out of the sale of the goods.

The order should therefore be affirmed, with $10 costs and dis-
bursements.