(43 App. Div. 245.)

### SAGE v. CITY OF GLOVERSVILLE et al.

(Supreme Court, Appellate Division, Third Department. September 27, 1899.)

1. LIFE ESTATES—LIABILITY FOR TAXES.

As between the life tenant of real estate and the tenant in remainder, the life tenant should pay the ordinary taxes.

2. SAME—RIGHTS OF REMAINDER-MEN.

Where the life tenant of real estate fails to pay ordinary taxes, the tenant in remainder may procure the appointment of a receiver of so much of the income of the property as is necessary to pay the taxes in arrear.

**3. SAME—INJUNCTION.**
Where the life tenant of real estate fails to pay taxes, and the tenant in remainder has a remedy in an action to procure the appointment of a receiver of so much of the income of the property as is necessary to pay the taxes, a temporary injunction, staying the sale of the property for unpaid taxes, should not be granted.

Appeal from special term, Montgomery county.

Action by Lillie Seibold Sage against the city of Gloversville and O. L. Everest, chamberlain of the city of Gloversville, impleaded with others. From an order granting a temporary injunction, defendants city of Gloversville and O. L. Everest, chamberlain, appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Frank Talbot, for appellants.
Roswell R. Moss, for respondent.

LANDON, J. We think the injunction order should be reversed as to the city of Gloversville and the defendant its chamberlain. The taxes were duly imposed, payment was in default, and the notice of the sale of the real estate on account of such default was strictly regular. It is true that, as between the defendant Wooster, who is the life tenant, and the plaintiff, who, with other defendants, is a tenant in remainder, the life tenant should pay the ordinary taxes. But the plaintiff, as tenant in remainder, has her remedy in a proper action to procure the appointment of a receiver of so much of the rents and income of the real estate as are necessary to pay off and discharge the taxes in arrear, unless the life tenant, within a short day, to be fixed by the court, pay and discharge them. Cairns v. Chabert, 3 Edw. Ch. 312; Sidenberg v. Ely, 90 N. Y. 257, 264. As such receiver can be authorized to collect the rents and pay them on the taxes, there seems to be no objection to the plaintiff, as she professes a willingness to do, advancing the receiver the money for that purpose, in order to prevent the sale; the receiver afterwards reimbursing her from the rents and income. If the life estate should terminate before sufficient amounts for reimbursement should be received, the deficit could be charged as upon the whole property. The plaintiff, in her notice of motion, asked for the appointment of a receiver, but none was appointed.

Order reversed as to the appellants, with $10 costs and disbursements, without prejudice to the renewal of plaintiff's motion at special term for the appointment of a receiver. All concur.