# Vosburgh's Estate.

*Trusts and trustees — Promissory notes — Proceeds of notes — Deposits of bank — Identification of trust funds — Negotiable instruments—Act of May 16, 1901, P. L. 194.*

1. Where renewal notes are sent by the maker to the payee to be discounted and the proceeds used to lift the old notes, and, between the day of discount and time for payment, the payee dies, these funds identified are fixed with a trust in the maker's favor.

2. The Negotiable Instruments Act of May 16, 1901, P. L. 194, permits the conditional delivery of such notes for a special purpose.

3. Every person who receives money to be paid to another or to be applied to a particular purpose is a trustee, if so applied, as well as when not so applied.

4. If he deposits such moneys with his own moneys, and afterwards takes sums from the common mass for his own use, it will be presumed, so long as the mass is as large as the original trust funds, that the sums so taken are his own and not the trust funds.

Argued October 19, 1923. Appeal, No. 111, Oct. T., 1923, by C. M. McLaughlin and John M. Carey, Assignees of W. J. Donoughe Co., from decree of O. C. Allegheny Co., Sept. T., 1922, No. 694, dismissing exceptions to adjudication in estate of William W. Vosburgh, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assignment of Error—Opinion of the Court.    [279 Pa.

Exceptions to adjudication of TRIMBLE, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed by court in banc.  C. M. Laughlin and John M. Carey, assignees of W. J. Donoughe Co., appealed.

*Error assigned* was decree, quoting it.

*Horace J. Thomas,* with him *George J. Shaffer,* for appellant.—At no time in any of these transactions was the title to any of the new notes vested in Mr. Vosburgh: Frazier v. Erie Bank, 8 W. & S. 18; Merrick's Est., 8 W. & S. 402; Farmers & Mechanics Nat. Bank v. King, 57 Pa. 202; Frank v. Kurtz, 4 Pa. Superior Ct. 233; First Nat. Bank v. Bache, 71 Pa. 213.

*Alexander P. Lindsay,* for appellee.

OPINION BY MR. JUSTICE KEPHART, January 7, 1924:

W. J. Donoughe Company and the decedent were lumber dealers, each doing a separate business.  Donoughe Company paid for lumber purchased from decedent by its negotiable notes, delivered prior to his death.  From a statement submitted and accepted by the court below, "It was understood between the parties these notes could not always be lifted at maturity, and renewals thereof would be arranged.  Donoughe Company, prior to maturity of any note or notes which it was unable to pay, would forward new notes in amount sufficient to realize enough funds to take care of maturing obligations.  These notes were to be discounted by Vosburgh, and the proceeds forwarded to Donoughe Company, so that when the original notes became due, Donoughe Company would have sufficient funds to pay the original notes in full.  Accommodation paper was handled in the same manner.  In pursuance of this arrangement, notes were from time to time executed and delivered to Vosburgh, discounted by him, and when he died the proceeds were

on deposit to his credit in various banks.    Donoughe Company was compelled to pay not only the original obligations but also the new notes discounted for the purpose of raising funds to pay said original obligations."    It does not appear in the record that this was a scheme or plan to deceive the banks or secure additional credit, or was an illegal or fraudulent method of financing the transactions of Vosburgh and Donoughe Company.

At Vosburgh's death there were balances in his favor in the several banks discounting the notes given by Donoughe Company.    Appellant makes claim to these credit balances, or parts thereof, because decedent was a trustee for claimant, depositing, in his own name, company funds secured from the discounted notes.    The various items for preference through the several banks are stated in the accounting; they will not be repeated here.    Claimant's right to so participate was denied by the court because it found the relation of debtor and creditor existed between the parties.    In this the court erred.

The new notes were not given pro tanto as renewal of the old notes.    Had they been, this question would not likely be here.    Donoughe Company was obliged to pay both the old and the new notes when they became due.    This it would not be compelled to do if these were renewal notes.    They were given with the express understanding they were to be discounted, and the proceeds remitted to Donoughe Company.

These deposits were impressed with a trust, and, as there was sufficient funds in the banks in Vosburgh's name, the property was identified, being easily traced through the banks' records of the proceeds of the notes, and must be allowed as a preference in the audit.

The right to the funds exists not because of the character of the claim or as compensation for loss, but is founded on the right of property.    The particular property into which the fund has been converted must be

pointed out, or the general mass wherein such property
may be found.   Here the property was in the several
banks as deposits, labeled with Vosburgh's name.   At no
time did the ownership of the notes, even though en-
dorsed by Vosburgh, leave Donoughe Company; nor did
their equivalents as the proceeds.   The latter were to
be remitted to the maker.   The Negotiable Instrument
Law of 1901, P. L. 197, section 16, permits conditional
delivery of such notes for a special purpose.   The fact
Donoughe Company may have been indebted to Vos-
burgh at the time these notes were given has nothing to
do with the qualified delivery of the new notes and the
purpose for which they were given.   Claimant did not
receive the proceeds, but they were mingled with the
trustee's own money as deposited in the general funds of
the banks.

A trust is a relation between two persons, by virtue
of which one of them as trustee holds property for the
benefit of the other.   The term "trust" is a very broad
and comprehensive one.   Every deposit is a trust, except
possibly general bank deposits; every person who re-
ceives money to be paid to another or to be applied to a
particular purpose is a trustee, if so applied as well as
when not so applied.   "The cases of hirer and letter to
hire, borrower and lender, pawner and pawnee, princi-
pal and agent, are all cases of express trust": Warner v.
McMullin, 131 Pa. 370, 382, citing Kane v. Bloodgood, 7
Johns. Ch. 90; Yorks's App., 110 Pa. 69.   There must be
sufficient words to raise a trust, property to be subject
to it, and a purpose to be accomplished.

Here we have all the essential elements of a trust;
the claimant was able at the hearing to point out the
particular places where the funds could be found.   The
identification was none the less complete because the
trustee had mingled other moneys with these funds.   If
all the money is lost or dissipated there is no fund on
which to impress the trust; if any is paid out by the
trustee, the trust fund yet remains intact as long as

there is sufficient on deposit to equal that fund; it is still capable of identification. It is the identity of the fund, not of the pieces of coin or bank notes, that controls: Farmers' and Mechanics' National Bank v. King, 57 Pa. 202; Webb v. Newhall, 274 Pa. 135, 137. "Where the agent has mingled his own property with that of the principal, the latter may reclaim from the admixture an amount equal to his own, although it may not be the same identical property": Webb v. Newhall, supra, 137. 138. And where a trustee has mingled trust funds with his own, and afterward takes sums from the common mass for his own use, it will be presumed, so long as the mass is as large as the original trust funds, that the sum so taken was his own and not the trust funds: Perry on Trusts, section 828; 39 Cyc. 539, and cases cited in note 32. Applying these principles, it will be easy to ascertain the amount of preference to which appellant is entitled.

The decree of the court below is reversed, and the record is remitted with direction to reframe the distribution in accordance with the law as expressed in this opinion; costs to be paid from the estate.