In the Matter of the Estate of CHESTER G. PAIGE, Deceased.

Surrogate's Court, Kings County, March 17, 1933.

*Max Gellman*, for the claimant.

*Henry E. Heistad*, for the executrix.

WINGATE, S.   The sole question involved in this case appears to have been squarely presented on only a single previous occasion in the legal history of this State.   The precedent referred to is *Trust* v. *Harned* (4 Bradf. 213), decided by Surrogate BRADFORD in 1857.

The problem relates to the relative preferences in payment of judgment creditors where one of the judgments was docketed in the office of the county clerk and others were not.

Subdivision 3 of section 212 of the Surrogate's Court Act provided that " judgments docketed, and decrees entered against the deceased according to the priority thereof respectively " shall be paid in preference to all other debts of the decedent with two stated exceptions not here material.   The question as to the meaning of this enactment is raised by the fact that the sole remaining assets of the estate total $915, and that three judgments aggregating $2,992.38 were recovered against the decedent in his lifetime.   The first was rendered in the New York City Municipal Court on April 16, 1931, but no transcript was ever filed with the county clerk.   The

facts respecting the second judgment resemble those of the first, except that it was recovered in September, 1931. The third was recovered in the City Court of New York county on May 31, 1932, and a transcript was filed and the judgment docketed in the office of the clerk of Kings county in June.

Obviously, if the docketing referred to in the statute refers to the performance of the act required to make the judgment a lien upon real estate, the third judgment in point of time must be paid in preference to the two earlier ones in connection with which the requisite steps for this purpose were not taken.

That no such end was envisaged by the enactment, which is merely a continuation of the provisions of the Revised Statutes, appears plain from the decision in *Ainslie* v. *Radcliff* (7 Paige, 439), in which Chancellor WALWORTH points out (at p. 447): " That this priority was not intended to have any reference to the supposed lien of the judgment or decree, upon the real estate of the debtor is evident from the fact that a prior decree, if enrolled, although it is not docketed so as to make it a lien upon real estate, is to be paid in preference to a younger judgment which is docketed, and which may therefore be a lien on the decedent's real estate, if he had any, within the jurisdiction of the court. The preference which the common law gave to judgment debts over debts by specialty, or debts by simple contract, was not founded upon any supposed lien of the judgment upon the real estate of the decedent. For the preference extended to the judgments of all the inferior courts of record in England, and to decrees in chancery, which were not liens upon real estate. (2 Will. Law of Ex. 657.) But the rule, as to preferences in payment, was founded upon the common law principle that a specialty debt was a debt of a higher nature than a debt by simple contract. and that a debt of record was of a higher nature than either."

This line of reasoning is followed by Surrogate BRADFORD in *Trust* v. *Harned* (*supra*), in which he held that a judgment recovered in the Superior Court, no transcript of which had been filed with the county clerk, was entitled to payment in preference to later judgments which had been docketed in the office of the latter official. The language in *Matter of Foster* (8 Misc. 344, 347; affd., 84 Hun, 610) and *Matter of Townsend* (83 id. 200, 202) would seem to be indicative of a similar understanding, although these decisions themselves are not in point on the question.

A well-known text authority expresses an opinion to the contrary, but the only authority which he cites in support of his views (*Stevenson* v. *Weisser*, 1 Bradf. 343) is not in point, since it does not

appear that the judgment in that case had ever been docketed anywhere prior to the death of the decedent.

It is a fact familiar to all members of the legal profession practicing in New York city, of which this court may well take judicial notice, that the clerk of each Municipal Court keeps a judgment docket in which judgments of his court are entered as rendered. Particularly in view of the common-law history noted in the foregoing cases, and the fact that the Municipal Court has, by statute, been made a court of record, there would seem to be no justification for drawing an invidious distinction against the judgments so docketed.

It follows that the judgments in question are entitled to priority in the order of their recovery.

Proceed accordingly.