Estate of Frank A. Boswell, Deceased.

366

Argued April 12, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER and JAMES, JJ.

*Edmund W. Arthur,* and with him *John E. Reynolds*
and *James M. Magee,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY PARKER, J., July 14, 1933:

This is an appeal by the American Surety Company
from an order of the orphans' court of Crawford
County confirming the report of an auditor appointed
to make distribution of a balance in the hands of an
administrator.

Frank A. Boswell was collector of county taxes for
the Fourth Ward of the city of Meadville for the year
1926 and an alderman for one of the wards of that
city. Boswell died on January 5, 1927, and Victor
Johnson, Esq., was appointed administrator of his
estate. The administrator took possession of a bal-
ance of $2,857.53 standing to the credit of Frank A.
Boswell, alderman, in the Merchants National Bank of
Meadville and included that item in his inventory.
Shortly thereafter the County of Crawford made

claim upon the American Surety Company as surety for Boswell as collector of taxes for the sum of $9,-556.65, the balance due the county on the 1926 duplicate. The surety company paid that sum to the county, took an assignment of the county's claim, and made claim for $1,915.25, a portion of the deposit in the Merchants National Bank which it contended it could identify as taxes paid to the collector by various taxpayers. The auditor allowed five of the items claimed, aggregating $489.25, and refused the claim of the surety company for the balance, holding that there had not been sufficient proof to establish the identity of the items of taxes paid and the alleged corresponding deposits made in the bank.

We agree with the conclusion of the learned auditor, affirmed by the court below, that if the items of taxes paid to the collector were identified as the same items that were deposited in the Merchants National Bank, and if there was at the death of Boswell sufficient on deposit to equal that fund, the surety was entitled to the amount of such items of taxes so identified. "Whilst it is true that the officer in such cases becomes the debtor of the state or municipality rather than its bailee or trustee; and while he is therefore given the individual control of the moneys received by him, we are not prepared to go the length of saying that, immediately upon the receipt by the officer, by virtue of his office, of any sum or sums of money, such moneys become in every respect his private personal property, subject to all of the incidents that attach to private property in the possession of its owner. If such theory were correct, it would follow that the funds in the hands of a county treasurer, for instance, deposited in the bank in his official account, would be subject to attachment and execution for his private debts": Potter Co. v. Page, 53 Pa. Superior Ct. 268, 273.

Even though a surety of a tax collector has been

held liable for the failure of the collector to pay over taxes collected, and his failure was due to the default of his depositing bank chosen with care, and to that extent the officer was a debtor of the municipality (Com. v. Comly, 3 Pa. 372; Com. v. Baily, 129 Pa. 480, 10 A. 764; Wilkes-Barre v. Rockafellow, 171 Pa. 177, 33 A. 269), yet it does not follow that as soon as public revenue is received by a proper officer such money becomes in every respect his private property. There is a marked distinction between funds collected and received by a public officer by virtue of his office and his individual property, and such property may be reclaimed even though it is mingled with the collector's own funds: Vosburgh's Estate, 279 Pa. 329, 333, 123 A. 813. "Where the agent has mingled his own property with that of the principal, the latter may reclaim from the admixture an amount equal to his own, although it may not be the same identical property": Webb v. Newhall, 274 Pa. 135, 137, 117 A. 793. In the instant case, Boswell maintained the deposit under the name of Frank A. Boswell, Alderman, and as there was at all times after the deposit of the first items of taxes claimed a sufficient sum on deposit in the bank to equal the items so deposited, the only question now for consideration is whether the items of deposit have been properly identified as taxes collected for the county.

While it is a well settled rule that the findings of fact of an auditor, affirmed by the lower court, are equivalent to the findings of a jury, and will not be disturbed on appeal except for clear or manifest error, this rule is subject to the qualification that when the finding "of the court below is based upon an inference or deduction from other facts, the conclusion, being the result of reasoning, is subject to revision and correction by an appellate court, if erroneous": Altaffer v. Anderson Auto Co., 77 Pa.

Superior Ct. 63, 65. Here, the learned auditor rejected a portion of the claim of the surety company, not because he discredited the evidence offered, for he accepted that same evidence as a partial basis for the items allowed, but because he deemed the established evidence insufficient to prove the items now in dispute.

The appellant properly concedes that the lower court correctly concluded that there was not sufficient evidence to establish the items, P. Boyersmith, $.50, Erie Railroad Restaurant, $40, and Mr. and Mrs. J. W. Williams, $2, aggregating $42.50, and we will, therefore, dismiss these from consideration and state the elemental facts, which we deem sufficient to prove the balance of the claim. Mr. Boswell was assisted in the collection of the taxes and the keeping of his books by Miss Helen Shreck who was called as a witness and testified. The county furnished to the collector a tax duplicate for the year 1926 and receipt books consisting of a stub which remained in the book and was retained by the collector, and a receipt to be furnished the person who paid the taxes. When taxes were paid, Miss Shreck, by direction of the collector, in her own handwriting marked the tax paid upon the duplicate opposite the name of the person making payment. Miss Shreck corroborated the correctness of the record kept from her own recollection as to particular items, but was not able to recall from memory all of the items. In this manner the claimant established the fact that twenty-four tax items, aggregating $1,919.25, were paid by various taxpayers to the collector between November 24, and December 26, 1926, inclusive. The proceeds received from the payment of taxes were regularly deposited in the Merchants National Bank of Meadville in an account under the name of F. A. Boswell, Alderman, such deposits being usually made by the collector himself but oc-

casionally by Miss Shreck. When making deposits, deposit slips were made up by the depositor for the bank and left with it, showing the amount deposited in currency and listing each check separately under the head of "Checks," the deposits being made either on the day when the taxes were received or within a few days thereafter. All of the items of payment claimed to have been made by the taxpayers and now in dispute were made between November 24 and December 26, 1926, inclusive, and the items claimed to correspond therewith were found upon deposit slips dated between December 6 and December 31, 1926, inclusive. The checks of the taxpayers corresponding with the items now in dispute were not produced before the auditor, and the checks noted on the deposit slips were listed by the surname, the Christian name being omitted. The auditor rejected the claim because Miss Shreck could not remember in each case whether payments were made by check or by cash, and because the checks of the taxpayers were not produced.

We will illustrate the course pursued in the receipt of taxes and in the making of deposits in the bank by two specific instances which are typical of all. On December 2, 1926, J. J. Shryock Company paid a tax assessed to it under that name for the year 1926 in the amount of $250. There was a stub corresponding with the receipt and, by direction of Mr. Boswell, Miss Shreck marked the tax paid upon the tax duplicate. The next deposit made by Boswell to his account in the bank was on December 6, and under that date we find in his own handwriting under the caption "Checks" an item, "Shryock $250." The Crawford Estate was charged on the duplicate with $320. Miss Shreck testified that this tax was paid by Mr. Eiffert, and the stub of the receipt is in the handwriting of Miss Shreck. A check appears on the deposit slip as "Eiffert $320" under date of December 28. If we

were dealing with an isolated case, there might be some merit in the contention of the learned auditor, but here all of the items now under consideration were treated in the same manner, the surname and amount on the tax duplicate and on the deposit slip were identical, and they appeared in chronological order, showing a proper correspondence between the date of receipt and the date of deposit. The evidence is not weak but strong that the items are identical, even though the Christian name was omitted. The fact that the Crawford deposit was listed as Eiffert is additional corroboration. An estate as such could not make a deposit, and it would necessarily be made by some one representing the estate.

Neither is there merit in the fact that the original checks were not produced for, as was said in Vosburgh's Estate, supra, "It is the identity of the fund, not of the pieces of coin or bank notes, that controls." In weighing evidence of this kind and in drawing inferences, it must be borne in mind that outside the realm of pure mathematics, all proofs are but a question of probabilities. Neither is there any merit in the contention of the auditor that this was a case for the application of the much misapplied rule that in making proof, we may not draw a conclusion from an inference founded on an inference. It has never been the rule in Pennsylvania that only one essential element in a case could be made out by circumstantial evidence. See Madden v. Great A. & P. Tea Co., 106 Pa. Superior Ct. 474, 481, 162 A. 687.

We are all of the opinion that the identity of the items in dispute on this appeal and aggregating $1,-387.50 was established by the facts found by the auditor, and that the reasonable inference is that such items were identical. There was an error of fifty cents in the original amount allowed, for which we have

made allowance. The appellant should have been allowed the sum of $1,876.25.

The decree of the lower court is reversed, and it is directed that distribution be made in accordance with this opinion, the costs of this appeal to be paid by the estate.