## In re Coatesville Trust Company. No. 2

C. *Raymond Young*, for exceptants; *Howard F. Troutman*, for accountant.

WINDLE, J., February 26, 1934.—From the stipulation filed and the testimony taken in this matter the following facts appear. On October 7, 1931, Frederica A. Taylor, the exceptant, instructed Coatesville Trust Company to purchase for her certain shares of stock and paid to said company the sum of $484.38, the amount necessary to carry out her order. The trust company employed one J. Irvin Behney, a broker, to buy the stock. He executed the order but before he had delivered the certificates therefor to the trust company or Mrs. Taylor, the company had closed its doors, and Behney now holds the stock certificates made out in the name of Frederica A. Taylor. The company closed on October 10, 1931, a Saturday, at the usual time and did not open on the next business day, which was Tuesday, October 13th, Monday, October 12th, being a legal holiday. On October 12, 1931, at a special meeting of the directors of the trust company the following resolution was adopted, as appears from the minutes: "It was moved by Mr. E. B. Ridgway, seconded by Mr. John R. Humpton, and unanimously resolved that the directors concur in the opinion of the Hon. William D. Gordon, Secretary of Banking, Commonwealth of Pennsylvania, that, for the best interest of the depositors and creditors of Coatesville Trust Company, the Secretary of Banking take possession of the institution." The Secretary of Banking filed his certificate of possession of the business and property of said trust company in his office in Harrisburg and in the office of the Prothonotary of the Court of Common Pleas of Chester County, at West Chester, on October 14, 1931, and George W. Klenk was appointed special deputy in charge thereof. An inventory and appraisement of the property and assets of the company was duly filed, and the special deputy above named has filed his first and partial account as such, to which these exceptions have been taken.

The moneys paid the trust company by Frederica A. Taylor, as above, were mingled with its general funds and have never been refunded to her. At all times after the receipt thereof until the day it failed to open for business, said company had sufficient cash on hand to pay said moneys in full.

A claim of the exceptant is included in said account under the heading "Claims for Priority Objected to," in the following wording:

### "FREDERICA A. TAYLOR

"Claim is based on deposit of $484.38 on October 7, 1931, with instructions to purchase 3 shares American Telephone and Telegraph Company and 3 shares General Motors Company stocks. These stocks were purchased for claimant from J. Irvin Behney who was paid therefor by draft no. 36788 on Philadelphia National Bank, which draft was not paid, due to the closing of Coatesville Trust Company. Therefore, the stock certificates, having been transferred to the name of Frederica A. Taylor, are being held by J. Irvin Behney pending settlement of his claim for the unpaid draft. (Included as general claim admitted.)

"This claim is objected to for the reason that, as stated above, the stock certificates were never delivered to Coatesville Trust Company, and therefore delivery thereof cannot be made to claimant, and that claimant is not entitled to refund of the amount paid to Coatesville Trust Company as her agent. $484.38."

To that the exceptant objects, contending that she has a preferred claim against the assets of the trust company for the amount paid it by her under the circumstances above set forth.

This exception must be sustained. The moneys paid to the trust company by Mrs. Taylor are impressed with an express trust, to wit, the payment for the stocks ordered to be bought, and were received and held by the company, her

agent, as trustee for that purpose. When that purpose could not be accomplished, as here it could not be because of the closing of the trust company before the transaction was consummated, the funds dedicated to it, still trust funds, are rightfully payable back to the one who delivered them to the company with that single end in view. Whether the company was solvent or insolvent, when the money was paid or up to the time it was taken over by the Secretary of Banking, this exceptant has a preferred claim for the amount of the funds so paid by her. If the company was solvent when it took the money and remained solvent until closing, it of course had said trust funds in its possession and must return them. If it was solvent when it took the money but became insolvent, the same is true, because at all times since taking it and up to the day of closing, its general funds, with which exceptant's money was admittedly mingled, never dropped in amount below the sum impressed with the trust. And if the company was insolvent when it took the money and was insolvent when it closed, the same result is reached for the same reason, the only difference being that there the trust arises ex maleficio rather than expressly. In any event, under the authority of Vosburgh's Estate, 279 Pa. 329, Trestrail, Admr., v. Johnson, Sheriff, 298 Pa. 388, Cameron v. Carnegie Trust Co., 292 Pa. 114, and cases there cited, this exceptant is entitled to repayment in full of the amount delivered by her to the trust company as above. "Where the agent has mingled his own property with that of the principal, the latter may reclaim from the admixture an amount equal to his own, although it may not be the same identical property": Trestrail, Admr., v. Johnson, Sheriff, supra (p. 397). "It is now the well-settled rule, that where withdrawals from the mixed fund with or without subsequent replenishing from the trustee's individual money, have not at any time reduced the balance to a sum less than the trust fund deposited, the cestui que trust, as against the trustee's creditors, is entitled to repayment in full; his money is sufficiently identified as having always been contained within the blended fund:" 3 Pomeroy, Equity Jurisprudence (4th ed.), 2388 (note), quoted with approval in Cameron v. Carnegie Trust Co., supra.

Exceptions sustained. From Truman D. Wade, West Chester, Pa.