In the Matter of the Estate of MARGARET McCARTY, Deceased.

Surrogate's Court, Orange County, February 13, 1936.

*A. H. F. Seeger*, for the administrator.

*Henry B. Merritt*, for the judgment creditors.

*Gustav Lange, Jr.*, for the remaindermen.

TAYLOR, S.   Upon the return of the citation judgment creditors appeared by counsel and claimed priority in payment, to which there was no objection, but doubt was expressed as to whether the claim of the remaindermen for a substantial sum paid by them for taxes and penalties which accrued during the life tenancy of the decedent should have precedence.

The pertinent statute (Surr. Ct. Act, § 212) provides that after the payment of debts entitled to preference under the laws of the United States and State of New York there shall be paid: " 2. Taxes assessed on property of the deceased previous to his death."

As the decedent did not own the fee it is claimed that these taxes were not assessed upon his " property."

It is familiar law that during his life the life tenant is the exclusive owner of ' the land so held by him, with the exclusive right to its possession, control and enjoyment, subject only to certain well-defined limitations or duties; the owner of the reversion or remainder in fee has no present right of enjoyment, no tangible and physical ownership of the land, but has a future incorporeal interest or estate in the land which will ripen into ownership of the land itself on the death of the life tenant.   By statute it is provided that a life estate shall continue to be termed an estate of freehold.   (Real Prop. Law, § 33.)

While the common-law rule that incumbrances on real property at the time of the death of the owner should be paid out of the personal estate of the late owner has been modified to the extent that mortgages must be satisfied by the heir or devisee who must discharge the mortgages out of his own property without resorting

to the administrator or executor of his ancestor or testator, the common-law rule still remains that taxes due at the time of the owner's death must be paid out of the late owner's personal estate. (Real Prop. Law, § 250; *Matter of Noyes*, 3 Dem. 369, 371; *Bates* v. *Underhill*, 3 Redf. 365, 372; *Smith* v. *Cornell*, 111 N. Y. 554, 557; *Matter of Gill*, 199 id. 155, 158.) The life tenant being for all practical purposes the owner of the property during his lifetime, this obligation to pay taxes is upon him and the taxes may be said to be assessed against his " property."

The obligation to pay taxes, interest, insurance premiums and for ordinary repairs is so wrapped up in a life tenancy as to be, practically speaking, part of the estate itself; the life tenant really has no " property " for his own absolute use and enjoyment until these obligations are discharged.

The remainderman is not required to permit the property to be sold for non-payment of taxes, but may at any time protect his interest by the payment of taxes and such other obligations as are imposed upon the preceding estate (*Sidenberg* v. *Ely*, 90 N. Y. 257, 264); otherwise, one might conceive of cases in counties in which tax sales were held infrequently wherein the mortgage, interest thereon and taxes, if allowed to go unpaid by the life tenant, would amount to more than the value of the property when it would come to the remainderman.

To protect himself the remainderman might procure the appointment of a receiver of so much of the income of real estate as would be necessary to discharge the taxes in arrears. (*Sage* v. *City of Gloversville*, 43 App. Div. 245; *Sidenberg* v. *Ely*, 90 N. Y. 257, 264.)

Except for a slight and unimportant difference in the statute in that it formerly provided for preference in the payment of taxes assessed upon the " estate " instead of the " property " of the deceased previous to his death, *Coleman* v. *Coleman* (5 Redf. 524) is in point. There, taxes assessed during the lifetime of the deceased upon certain real property in which he had a life use remained unpaid at his death. It was held that " the taxes in question are debts of the deceased, which the administrator is required to pay out of the personalty of the deceased * * *. The manifest object of the law was to make provision, for the interests of the State, of a fund available for speedy payment of taxes," and that the tax was entitled to preference. While the claim here is not by the municipality or county, it is nevertheless submitted that the remainderman in paying taxes should be subrogated to the rights of the political subdivision to the extent of the lien of the taxes, for the purpose of the statute is to assure, if possible, the

payment of taxes and the broad purpose can only be accomplished by permitting an interested person (the rule perhaps not applying to a volunteer) to pay the taxes. In interpreting the statute its purpose should be kept in mind. (*Matter of Sonderling*, 157 Misc. 231; *Archer* v. *Equitable Life Assurance Society*, 218 N. Y. 18.)

Judgments docketed against the deceased should be paid according to the priority thereof after the payment of taxes. (Surr. Ct. Act, § 212, subd. 3.) (See *Matter of Paige*, 146 Misc. 885.)

Settle decree on five days' notice or by consent.