In the Matter of the Estate of WILLIAM A. HARRIS, Deceased.

Surrogate's Court, Orange County, February 3, 1937.

*George B. Overhiser,* for the claimants.

*Elmer H. Lemon,* for the administrator.

TAYLOR, S.   The questions presented are of law only and may be stated as involving (1) the right of sureties upon a school tax collector's bond who have made good the collector's defalcation to be subrogated to the rights of the school district and to priority, and (2) whether an indebtedness of one of the sureties to the tax collector should be offset against the amount paid by force of the bond and the priority, if any, allowed as to the difference only.

The nature of the relationship of a school tax collector to his district is a peculiar one; he is in some respects a bailee, but yet is subject to far greater care and responsibility; he may be said to be a trustee but yet the exercise of the utmost care and diligence is not the limit of his responsibility.

The relationship between the collector and his district is not that of debtor and creditor; the collector does not have title to the moneys collected (*Matter of Boswell,* 109 Penn. Super. Ct. 365; 167 A. 402); he is a " mere duct between the taxpayer and the sovereign " (*Matter of Niederstein,* 154 App. Div. 238, 245).

A bailee or a trustee would not be responsible to his principal if the subject of the bailment or trust were stolen from him without any negligence on his part, but it was held many years ago in an action against a town collector and his sureties on the official bond brought for the default of the collector in not paying to the county treasurer the money required to be collected by the annual tax list and warrant issued by the board of supervisors that it was no

defense that the collector had collected the money and that the same had been stolen from his dwelling house " without any fault, want of care or omission of duty " on his part. (*Muzzy* v. *Shattuck*, 1 Den. 233.)

Except where the rule may have been changed by statute in particular cases, loss of tax money through the failure of the bank in which deposited does not relieve the collector from payment over of the full amount. (*Village of Oneida* v. *Thompson*, 92 Hun, 16.)

That a trustee has discharged his duty and relieved himself from responsibility if he exercises that degree of care which a reasonably prudent person would exercise in like circumstances, has been held time after time. (*Matter of Raplee*, 160 Misc. 615; *Chemical Bank & Trust Co.* v. *Ott*, 248 App. Div. 406.)

It is a well-settled principle that a surety who pays a debt for his principal is entitled to be put in the place of the creditor and to all the means which the creditor possesses to enforce payment against the principal debtor. (*Lewis* v. *Palmer*, 28 N. Y. 271; *Townsend* v. *Whitney*, 75 id. 425, 432; *Pease* v. *Egan*, 131 id. 262; *Matter of McCarty*, 158 Misc. 287; *Sheaffer's Estate*, 281 Penn. St. 138; 126 A. 205.)

This general rule of subrogation in the law of principal and surety applies to cases wherein the surety has been required to make good to the State or a political subdivision thereof; for example, a surety who makes good the loss in the State's deposit in a bank which fails is entitled to priority in the payment of his claim in the liquidation of the bank (*U. S. Fidelity & Guaranty Co.* v. *Carnegie Trust Co.*, 161 App. Div. 429; affd., 213 N. Y. 629; *U. S. Fidelity & Guaranty Co.* v. *Carnegie Trust Co.*, 161 App. Div. 435; affd., 213 N. Y. 629; *U. S. Fidelity & Guaranty Co.* v. *Borough Bank*, 161 App. Div. 479; affd., 213 N. Y. 628); one who has paid customs duties is entitled to be subrogated to the lien of the government for such duties and to enforce the same by action. (*Sgobel* v. *Cappadonia*, 8 App. Div. 303.)

A remainderman is entitled to priority of payment in a life tenant's estate for the payment of taxes which it was the duty of the life tenant to pay. (*Matter of McCarty*, 158 Misc. 287.)

One of the sureties is indebted to the decedent's estate and there is presented the question of whether the claim for priority should be based upon the full amount paid by the surety by force of his bond, or upon the balance.

Being subrogated to the rights of the school district, it necessarily follows that since there can be no offset or counterclaim to taxes, the full amount of the surety's payment to the district is the figure

to be used as entitled to priority. (*Village of Charlotte* v. *Keon,* 207 N. Y. 346.)

There is very little or no personal property in the estate, and proceedings have just been completed for the sale of the real property for the payment of debts. Of course, the tax collector receives money rather than real property in the payment of taxes, and the real property of which he died seized cannot be said to be identified as tax money. Nevertheless, it has been well said that " equity will administer such relief as the exigencies of the case demand " (*Bloomquist* v. *Farson,* 222 N. Y. 375, 380), and this is a case in which it should be held to be presumed that the tax collector expended his own moneys first, and that property, be it real or personal, which he owned and possessed at the time of his death represented tax moneys. (*Matter of Accles,* 153 Misc. 421; affd., 245 App. Div. 743.)

" Where the agent has mingled his own property with that of the principal, the latter may reclaim from the admixture an amount equal to his own, although it may not be the same identical property." (*Matter of Boswell,* 109 Penn. Super. Ct. 365; 167 A. 402.)

The conclusion is that the tax moneys not being the property of the collector, but rather the property of the State through a political subdivision, did not at any time become the property of the collector; and that whatever property there was in the collector's estate should be considered upon equitable principles to be tax moneys, and, therefore, the sureties who have made good the collector's defalcation should be preferred in payment, and, further, that the indebtedness of one of the sureties to the collector is not to be offset for the purpose of priority.

Settle decree on three days' notice or by consent.