John D. Bennett, S.
In this accounting proceeding the surviving spouse has objected to the deduction from his income, as beneficiary of the residuary trust, of amounts used by the executors to pay real estate taxes on real property in which the surviving spouse has a life tenancy.
The objectant contends that not only were such deductions and payments improper, but that the will relieves him of the obligation to pay real estate, water and sewer taxes.
In the absence of a direction in the will to the contrary, the general rule requires the life tenant to pay all current expenses which include real estate taxes (Matter of Albertson, 113 N. Y. 434; Matter of Lott, 251 App. Div. 333). Where the real property is unproductive, however, such expenses may be charged to principal (Spencer v. Spencer, 219 N. Y. 459; Matter of Britz, 82 N. Y. S. 2d 792). Although the objectant states the rents are ‘' trivial ’ ’ there appears to be no contention that the property is unproductive or unable to sustain carrying charges out of income (see Matter of Garibaldi, 253 App. Div. 843). In any event, the question here is not whether these taxes can be charged against the real property itself, as upon a sale or other disposition, but whether the estate generally can be required to pay such charges.
Neither the paragraph providing against apportionment of estate and ‘ ‘ similar ’ ’ taxes nor the clause purporting to relieve the surviving spouse from waste or other accountability as life tenant manifests an intention to .subject the residuary estate to the payment of carrying charges incidental to the life tenancy. Such an intent must be set forth in clear and certain language (Matter of Albertson, supra). This is more so the rule where, as here, the will provides for a life tenancy by a provision physically separated from and not a part of the residuary trust (Matter of Williams, 148 Misc. 14). The life tenant is accordingly held not entitled to the payment of current expenses, including real estate taxes, from the estate generally and his objection to the executors’ failure to make such payments is dismissed.
However, the action of the representatives in withholding from the objectant part of the net income from the residuary estate to which he is entitled was improper (2 Scott, Trusts [2d ed.], § 182). There is no authority on their part to apply such income on his behalf and the objectant is not under any legal incapacity. Neither does the fact that they are entitled to the remainder in the real property following the death of the life tenant justify “offsetting” their liability to pay all *913 the net income by the amount of the real estate taxes (Morris v. Windsor Trust Co., 213 N. Y. 27).
The objectant is accordingly entitled to the payment to him of the income withheld from him in the amount of $1,308.95 and the executors are surcharged such amount with interest at 6% per annum.
The question of what rights the executors and other remaindermen may have against the objectant to recover the amount of taxes which, in effect, they will have paid as remaindermen by reason of the surcharge, or with regard to any future taxes which the objectant may fail to pay, is not before this court. It would appear, however, that by paying such taxes they are subrogated to the rights of the taxing authorities in the property (Matter of McCarty, 158 Misc. 287; see, also, 31 C. J. S., Estates, § 47).
The arrangement arrived at for the disposition of the alleged incompetent’s interest will be approved upon the filing of a consent to such disposition by the Department of Mental Hygiene. All interested parties have filed their consents to such disposition.
The signing of a final decree will await proof of the payment of any New York estate taxes due.