### In re H.L. MURRY DRILLING CO., Debtor.

### William J. KUBIAK, esq., trustee, Plaintiff,

### v.

### VICORP ENERGY 1981—A PRIVATE DRILLING PROGRAM, LTD., and Vicorp Energy, Inc., Defendants.

### Bankruptcy No. 84–00443E.
### Adv. No. 86–0075.

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 5, 1990.

William J. Kubiak, Bradford, Pa., Trustee, pro se.

Guy C. Fustine, Erie, Pa., for defendants.

Dennis J. Spyra, Pittsburgh, Pa., for U.S. Trustee.

Joseph J. Bernstein, Pittsburgh, Pa., for Several Unsecured Creditors.

Frederick C. Haines, Englewood, Colo., for defendants.

### OPINION

WARREN W. BENTZ, Bankruptcy Judge.

*Background*

William J. Kubiak, Esq. ("Trustee") filed the within adversary Complaint to Recover a Preferential Transfer in the amount of $634,864.94 from Vicorp Energy 1981—A Private Drilling Program, Ltd. ("Vicorp 1981") and Vicorp Energy, Inc. ("Vicorp Inc.").

---

Following discovery, the Trustee and Vicorp Inc. entered into an agreement in which Vicorp Inc. agreed to pay the Trustee $5,000 in settlement of the Trustee's claims. On June 20, 1989, this court approved the settlement. Subsequently, counsel for several unsecured creditors ("Creditors") objected to the approval. Finding that the Creditors received no notice of the hearing to approve the settlement, the court vacated the order and held a rehearing. After rehearing, the court refused the petition for settlement and set the matter for trial.

The matter is now before the court on cross motions for summary judgment by the Trustee and the defendants. We find that there exist no material issues of fact and thus, this matter is ripe for decision.

### Facts

The Trustee and the defendants, Vicorp 1981 and Vicorp Inc., have stipulated to the relevant facts as follows:

1. On or about December 27, 1983, Vicorp Inc. transferred funds in the amount of $700,000 (the "Funds") to the Debtor for the purpose of prepayment for ten oil well projects to be drilled by the Debtor in McKean County, Pennsylvania.

2. The Funds were deposited by the Debtor in a separate bank account at the Bradford, Pennsylvania branch office of Pennbank. The Funds were at all times segregated from other funds kept by the Debtor and were never used in the course of the Debtor's day-to-day operations.

3. The Funds were to be used only for the purpose of drilling and completing the ten McKean County wells and were used only for that purpose.

4. Only the first well was completed and the Debtor withdrew for his own use $63,135.06 representing the costs and expenses incurred in drilling the first well to completion.

5. Thereafter, due to unsatisfactory production of the first well, Vicorp Inc., the Debtor and Vicorp Energy, 1983—A Private Drilling Program, Ltd. ("Vicorp 1983") mutually agreed that the remaining nine wells would not be drilled and the balance of the Funds would be returned.

6. The remaining Funds were transferred from the separate Pennbank account on October 4, 1984 into the Debtor's checking account for the sole purpose of drawing a check on those Funds made payable to the Debtor's attorney, to be held pending further instructions from Vicorp Inc. This transfer to the Debtor's attorney occurred on or about October 10, 1984.

7. The Debtor's attorney deposited the Debtor's check into his trust account. Thereafter, the Funds were transferred pursuant to instructions received from Vicorp Inc.

### Issues

1. Whether the Debtor held the Funds in trust?

2. Whether the Bankruptcy Trustee named the proper parties as defendants?

### Discussion

Based on the stipulated facts, we find that the Debtor held the Funds in trust. The Funds were never beneficially owned by the Debtor. Accordingly, the Debtor's return of those Funds was not a preferential transfer that can be avoided by the Trustee. There being no preferential transfer, we need not address the issue of whether the Trustee named the proper parties as defendants.

No particular form of words or conduct is necessary to create a trust. *Buchanan v. Brentwood Federal*, 457 Pa. 135, 320 A.2d 117 (1974). The question is whether the agreements taken as a whole evidence an intent to impose upon the transferee of the property equitable duties to deal with the property for the benefit of another person. *Id.*

The court in *Buchanan* cited *Vosburgh's Estate*. 279 Pa. 329, 123 A. 813 (1924) for specific guidance on the question of whether the parties intended to create a trust:

[a] trust is a relation between two persons, by virtue of which one of them as trustee holds property for the benefit of the other. The term trust is a very

broad and comprehensive one. Every deposit is a trust, except possibly general bank deposits; every person who receives money to be paid to another or to be applied to a particular purpose is a trustee.

457 Pa. 135, 320 A.2d 117, 123 (1974).

The facts to which the parties have stipulated clearly show an intent to impose upon the Debtor equitable duties to deal with the Funds transferred for the benefit of the Defendants.

The Funds were earmarked for use in a specific purpose—the completion of ten oil well projects for the defendants. The Funds were to be used and were used only for that purpose. These Funds were at all times segregated from other funds kept by the Debtor except when the funds were transferred to the Debtor's general operating account on October 4, 1984 for the sole purpose of transferring the funds to the Debtor's attorney to continue to be held in trust. The funds were not available for use in the Debtor's day-to-day operations.

An implied trust is created when money is turned over to another and is intended to be used for a particular purpose. *See In re Spring Meadow Trout Hatchery, Inc.*, 29 B.R. 615, 620 (Bankr.E.D.Pa.1983). The Funds were to be released only upon completion of the oil well projects. Until actual completion of each oil well project, the Debtor had no right or interest in the Funds.

The uncontradicted affidavit of Larry E. Haack, the President of Vicorp Inc., amplifies the intent of the parties as shown by the stipulated facts. Mr. Haack states:

> The $700,000 remittance was intended as a prepayment for all ten wells and that Murry Drilling Co. [Debtor] should hold the entire amount in trust for Vicorp 1983 and only release so much of that money as had been earned for each individual project. At no time did the parties consider the $700,000 prepayment as money belonging to Murry Drilling Co. [Debtor].

The Debtor had only a contingent, but not a vested, cognizable legal interest in the Funds. The Funds were never beneficially owned by the Debtor and were instead held in trust pending completion of the oil well projects. Although the fund was transferred to the Debtor's general operating account and held there for a short time before being transferred to the Debtor's attorney to continue to hold in trust, the fund did not lose its identity as a trust fund. Accordingly, the Debtor's return of those Funds pursuant to instructions received from the Defendants was not a preferential transfer.

An appropriate order will be entered.

## ORDER

This 5th day of December, 1990, in accordance with the accompanying OPINION, it shall be, and hereby is, ORDERED:

1. William J. Kubiak, Esq.'s, Trustee, Motion for Summary Judgment is DENIED.

2. Vicorp Energy 1981—A Private Drilling Program, Ltd. and Vicorp Energy, Inc.'s Motion for Summary Judgment is GRANTED.