[No. 12967.  Department Two. — April 29, 1889.]

JOHN W. CARTER, ADMINISTRATOR ETC., APPELLANT, *v.* RUFUS C. HOPKINS ET AL., RESPONDENTS.

NONSUIT — STATEMENT OF GROUNDS OF MOTION. — A statement of the grounds of a motion for a nonsuit, that the plaintiff had failed to prove a single allegation of his complaint, is sufficiently precise and definite to sustain an order granting a nonsuit. Such statement would be understood to signify that plaintiff had not proved a single material allegation of the complaint.

RESULTING TRUST — EXTINGUISHMENT — STATUTE OF FRAUDS. — A resulting trust is extinguished by the conveyance by the trustee to the beneficiary of other lands upon purchase of his equitable estate; and the statute of frauds does not in such case require a conveyance by the beneficiary of his equitable interest to the holder of the legal title.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought to establish a resulting trust in a certain city lot in San Francisco, alleged to have been purchased by plaintiff's intestate, Thomas T. Bouldin, deceased, and conveyed to the defendant Rufus C. Hopkins, in trust. The defendant Hopkins answered, admitting the advance of purchase-money to him by the decedent for the purchase of the San Francisco lot, but

averring that the advance was for Hopkins's benefit, and further averring that in the decedent's lifetime he had sold all his equitable interest to the defendant Hopkins, and that the said defendant had paid the decedent for all advances upon a settlement by the conveyance to the decedent of the land in San Bernardino County. Plaintiff introduced evidence as to the granting of administration upon the estate of Bouldin, and as to the rental value of the San Francisco lot. The plaintiff's evidence as to the relations between Bouldin and Hopkins consisted of testimony that Hopkins had acted as Bouldin's general agent in his absence, and the declarations of Hopkins that there were various transactions between them, and that Thomas T. Bouldin purchased the San Francisco lot and put the title in his (Hopkins's) name when about to leave the state, and that he had afterward purchased all of Bouldin's interest in 1873, and had conveyed to him the San Bernardino property, for which the city lot was part consideration, and thereafter claimed that the San Francisco lot was his, and that he did not owe Bouldin anything, though he had no conveyance of Bouldin's equitable interest. A nonsuit was granted after the close of the plaintiff's evidence, upon motion of counsel for defendant Hopkins, who assigned as ground of the motion that plaintiff had not proved a single allegation of his complaint. The further facts are stated in the opinion of the court.

*J. P. Langhorne*, for Appellant.

Plaintiff had proved a resulting trust. (Civ. Code, sec. 853; *Millard* y. *Hathaway*, 27 Cal. 140; *Hidden* v. *Jordan*, 21 Cal. 92.)

*Mhoon & Flournoy*, and *J. F. & William A. Stuart*, for Respondents.

The nonsuit was proper for want of evidence to sustain plaintiff's case. (*Gilman* v. *Bootz*, 63 Cal. 120; *Van-*

*derford* v. *Foster*, 65 Cal. 49; *Harney* v. *McLeran*, 66 Cal. 34; *Whitney* v. *Purrington*, 59 Cal. 36.)

The COURT.— The grounds on which the nonsuit was asked were sufficiently stated. They are equivalent to the statement that the plaintiff had failed to prove a single allegation of his complaint. The plaintiff's attorney, no doubt, understood what was meant by the statement made by the attorney for the defendants, viz., that the plaintiff had not proved a single material allegation of the complaint. We cannot say that the nonsuit was erroneously granted, for the reason that the grounds on which it was asked were not stated with the precision and definiteness that the law required.

Conceding that a resulting trust was established as to the lot in the city and county of San Francisco, the court is of opinion that this trust was extinguished by the conveyance by Hopkins to Bouldin of the land in the county of San Bernardino, and that the statute of frauds does not require a conveyance by Bouldin to Hopkins of his equitable interest in the San Francisco lot.

Judgment affirmed.