[L. A. No. 4566.   Department One.—October 4, 1918.]

## ECKLEY B. BUMILLER, Respondent, v. ARTHUR W. BUMILLER, Appellant.

CLAIM AND DELIVERY—RECOVERY OF PLEDGED STOCK—COMMUNITY PROPERTY—EVIDENCE.—In an action to recover the possession of shares of corporation stock, or its value, with damages for its detention, which stock had been declared to be community property and a three-fifths interest therein awarded to the plaintiff in an action for divorce, and which had been pledged to the defendant by the former husband of the plaintiff to secure the payment of his promissory note, the defendant cannot contend that there was no evidence to sustain the finding that the stock was community property on the ground that the only evidence was the interlocutory decree in the divorce action to which he was not a party, where the plaintiff did not rest her right upon the decree alone, but also upon an assignment of her husband's interest to the extent of an undivided three-fifths interest in the stock, which assignment the defendant expressly admitted in his answer.

PLEDGE—PLEDGOR'S OWNERSHIP—ESTOPPEL OF PLEDGEE.—A pledgee of stock cannot be heard to assert ownership thereof in any other person than his pledgor, in the absence of any claim of ownership by such third person, or of a demand on the part of the latter for the delivery of the pledged property to him.

ID.—OWNERSHIP OF STOCK—INDORSEMENT IN BLANK.—Where it was shown as an undisputed fact that the former husband of the plaintiff was prior to and at the time of the making of the pledge, in the possession of the stock and exercising acts of ownership over it, the presumption arose that he was the owner, and it was therefore immaterial whether the person in whose name the stock stood upon the books of the corporation had indorsed the certificates in blank.

ID.—REDEMPTION FROM LIEN—TENDER—SUBROGATION.—One who acquires an interest in pledged stock is entitled to redeem the same from the lien under section 2903 of the Civil Code by an offer of performance of the obligation of which the stock is the security, and having done so by the method of tender provided by chapter 2 of title IV of division 3 of the Civil Code is entitled to be subrogated to all the benefits of the lien as against all owners of other interests in the stock.

ID.—REFUSAL OF TENDER—CONVERSION.—Where tender is made and refused an action for conversion may be maintained, and an offer in the pleadings and at the trial to turn over a portion of the stock upon payment of a part of the note does not measure up to the rights of the party making the tender.

ID.—FORM OF ALTERNATIVE JUDGMENT.—Where the plaintiff alleged that the stock was of the value of three thousand dollars, and the defendant while denying the stock was of that value, expressly admitted that it was of the value of one thousand eight hundred and seventy-five dollars, the plaintiff was entitled, in the alternative portion of the judgment, to a recovery of an amount of damages equal to three-fifths of the value of the stock in the event of the failure or refusal of the defendant to deliver the whole of the stock to her in conformity with the judgment in her favor for the possession thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Reversed.

The facts are stated in the opinion of the court.

Overton, Lyman & Plumb, for Appellant.

Edwin A. Meserve, Shirley E. Meserve, and J. D. Taggart, for Respondent.

RICHARDS, J., *pro tem.*—This is an action in which the plaintiff seeks to recover from the defendant the possession of 25 shares of stock of the Western Union Oil Company or its value, with damages for its detention. The plaintiff alleges in her amended complaint that being the wife of one Joseph F. Bumiller she commenced on March 14, 1914, an action against him in the county of Los Angeles for divorce and for a division of certain community property, of which the stock in question was alleged to be a portion; that in said action an interlocutory decree was duly entered on June 18, 1914, wherein it was adjudged and decreed that said stock, which was then standing on the books of the corporation in the name of one D. A. McGilvray, was the community property of the parties to that action; that the said stock had been pledged by said Joseph F. Bumiller to Arthur W. Bumiller, the defendant in this case, as security for the payment to him of the sum of one thousand dollars, evidenced by a promissory note for that amount executed by Joseph F. Bumiller to said Arthur W. Bumiller; that a three-fifths interest in said 25 shares of stock was thereby awarded and set apart to said plaintiff as her separate property and estate, and that the said Joseph F. Bumiller be and he was thereby ordered and directed to transfer or cause to be transferred to said plain-

tiff said three-fifths interest in said stock. The complaint
proceeded to allege that the said Joseph F. Bumiller, not hav-
ing complied with the said direction and order in said inter-
locutory decree, proceedings for contempt were instituted by
said plaintiff against him, in which proceedings the court
again ordered said defendant Joseph F. Bumiller to transfer
her three-fifths interest in said stock to plaintiff, subject to
the pledge of the whole thereof to said Arthur W. Bumiller
as security for the said note which the defendant Joseph F.
Bumiller was directed to pay; that upon being served with
a copy of this latter order said Joseph F. Bumiller made, exe-
cuted, and delivered to plaintiff an assignment of an undivided
three-fifths of said stock; that thereupon and on December 21,
1914, the plaintiff herein made a written tender to said
Arthur W. Bumiller of the amount of the principal and in-
terest of the said promissory note as the security for the
payment of which the whole of said stock was pledged; that
said Arthur W. Bumiller, without objecting to the form or
amount of said tender, refused to accept the same, whereupon
the plaintiff deposited the amount thereof in the Citizens'
National Bank of Los Angeles to the credit of the said de-
fendant herein, Arthur W. Bumiller, and notified him of the
fact of said deposit; that thereafter, and at various times
prior to the institution of this action, the plaintiff made other
and similar written tenders of payment in full of said note
to the defendant herein, copies of all of which tenders were
attached to and made parts of the complaint; that the only
objections which said defendant made to any of such tenders
was the objection that such tenders did not provide for the
protection of the defendant, Arthur W. Bumiller, against any
claims which D. A. McGilvray may have to said stock arising
out of the fact that it stood in his name upon the books of
the corporation, and the further objection that Joseph F.
Bumiller had instructed said Arthur W. Bumiller to turn
over no property of his to said plaintiff without a written
order from him. The plaintiff further avers that the said
defendant still holds said stock in his possession and refuses
to deliver any portion thereof to the plaintiff, and that the
value of the stock is the sum of three thousand dollars.
Wherefore, the plaintiff prays judgment that she is entitled
to the possession of said note and of said stock, and that said
defendant be required to deliver the same to her or pay the

sum of three thousand dollars, the value of said stock, and for such other and further relief as may be meet in the premises. The answer of the defendant admitted the existence of the divorce action and the making and entry of the interlocutory judgment therein, as averred in the plaintiff's complaint, and admitted the execution of the assignment by Joseph F. Bumiller of three-fifths of his interest in the stock in question. It also admitted the execution to the defendant by Joseph F. Bumiller of the promissory note referred to in the complaint and the pledge to him by said Joseph F. Bumiller of the stock in question as security for said note. The defendant also substantially admitted that the several tenders alleged to have been made by the plaintiff were in fact made, but denied that the plaintiff had stated in her complaint all of the defendant's objections thereto, and in that regard he appended to his answer several other specified objections to the sufficiency of such tenders. The defendant denied that D. A. McGilvray had no interest in the stock in question, but nowhere in his answer undertook to aver that said McGilvray had in fact any interest therein, or had ever made any claim thereto. The defendant denied that the stock was of the value of three thousand dollars, or of any greater value than $1,875. Finally the defendant averred that he was willing to turn over to the plaintiff three-fifths of said stock upon the payment by her to him of three-fifths of the amount due upon said promissory note, and upon the further production by plaintiff of a release from D. A. McGilvray of all interest in said three-fifths of said stock.

The case proceeded to trial upon the issues thus framed, and the trial court made its findings of fact and conclusions of law in plaintiff's favor, and by its judgment decreed that the plaintiff was entitled to recover from the defendant the possession of the promissory note of Joseph F. Bumiller and the 25 shares of stock held by the defendant as the security thereof upon payment by the plaintiff to said defendant of the sum of $1,060.53, the principal and interest due on said note, and that the plaintiff be thereupon subrogated to the rights of the defendant in and to said note and said stock, and that in the event that said defendant failed to deliver the same to said plaintiff as in said judgment directed, the said plaintiff have judgment against him for the sum of one thousand eight hundred dollars, being three-fifths of the value of said stock,

in which event she should not be required to pay to the defendant the amount of said note. It is from this judgment that the defendant prosecutes the present appeal.

The defendant's first contention is that there was no evidence to sustain the finding of the trial court that the stock in question was the community property of the plaintiff and J. F. Bumiller prior to the making of said interlocutory decree, his point in support of said objection being that the only evidence of such community ownership of said stock was the interlocutory decree in an action to which this appellant was not a party, and by which, therefore, he was not bound. But this point, even if it had any value, cannot avail the appellant, since the plaintiff did not rest her right to said stock upon the terms of said decree alone, but also upon an assignment of her husband's interest in said stock to her to the extent of an undivided three-fifths thereof, which assignment the defendant expressly admitted in his answer to have been made.

The next point urged by the appellant is that there was no evidence other than that contained in the said interlocutory decree that the certificates of stock were indorsed in blank by D. A. McGilvray, in whose name the stock stood upon the books of the corporation. The point has no merit. The defendant in his answer and throughout the entire case repeatedly asserted that he received and held the stock in question as a pledge from Joseph F. Bumiller to secure the promissory note made by the latter to him. As such pledgee of this stock he cannot be heard to assert ownership thereof in any other person than his pledgor, in the absence of any claim of ownership by such third person or of a demand on the part of the latter, for the delivery of the pledged property to him. (*Palmtag* v. *Doutrick,* 59 Cal. 154, [43 Am. Rep. 245]; *Wetherly* v. *Straus,* 93 Cal. 283, [28 Pac. 1045].) The record in this case shows not only that D. A. McGilvray never claimed or asserted any ownership or interest in the stock in question, but further shows as an undisputed fact in the case that Joseph F. Bumiller was, prior to and at the time of making said pledge, in the possession of the whole of said stock and was exercising acts of ownership over it. The presumption thus arises that he was the owner of the stock. (Code Civ. Proc., sec. 1963, subds. 11, 12.) This being so, it is quite immaterial whether or not the name of D. A. McGilvray was indorsed in blank on said stock as found by the court, the

important finding being that Joseph F. Bumiller was at the time of its pledge to the defendant, and of his assignment of an undivided three-fifths thereof to the plaintiff, the owner of the stock.

The defendant made several objections to the tenders proffered by the plaintiff as a predicate to this action at the time of such proffer and at the trial of the case. As to the form of these several tenders we find them to have been in conformity with chapter 2 of title IV of division 3 of the Civil Code, relating to the offer of performance of obligations. The plaintiff, having acquired an interest in the shares of stock which were subject to the defendant's lien as the pledgor thereof, was entitled to redeem it from such lien under section 2903 of the Civil Code, and was entitled to do so by an offer of performance of the obligation of which the stock was the security (Civ. Code, sec. 2904); and having done this by the method provided by chapter 2 of title IV of division 3 of the Civil Code, was entitled to be subrogated to all of the benefits of the lien as against all owners of other interests in the property (Civ. Code, sec. 2903). The undisputed evidence shows that the plaintiff tendered to the defendant at the place where he was found, or to his duly authorized agent, the full amount due upon the promissory note for which the stock in question was pledged, and that she made such tender good by a deposit of such amount with a proper depository, giving the defendant due notice thereof. The record also shows that when the parties were in court at the trial of the cause the plaintiff renewed these offers to pay said obligation in full. These repeated tenders and offers of payment of the promissory note of Joseph F. Bumiller were sufficient to have entitled the plaintiff to a delivery of said note with its security to her, and the defendant's refusal to deliver the same upon demand amounted to a conversion of the property which entitled the plaintiff to bring and maintain this form of action. (*Loughborough* v. *McNevin*, 74 Cal. 250, [5 Am. St. Rep. 435, 14 Pac. 369, 15 Pac. 773].) The plaintiff being thus entitled to an undivided three-fifths interest in said stock, and having thus offered to pay the entire obligation evidenced by said note, the defendant's offer in his pleadings and at the trial to turn over to her a portion of said stock upon payment of a part of the note did not measure up to her rights in the premises

as defined by the foregoing sections of the Civil Code and was therefore properly refused by her, and was also properly rejected by the trial court in its findings and judgment.

The appellant finally urges that the trial court was in error in that portion of its alternative judgment to the effect that in the event of the defendant's failure or refusal to deliver the note and stock as directed, the plaintiff should be entitled to recover judgment in the sum of one thousand eight hundred dollars for the conversion of the stock, being three-fifths of the value thereof. The appellant insists that though the plaintiff alleged the stock to be of the value of three thousand dollars, she offered no evidence to sustain such allegation.

We think that the trial court was not in error in its conclusion that the plaintiff was entitled in the alternative portion of her judgment to a recovery of an amount of damages equal to three-fifths of the value of the 25 shares of stock in the event of the failure or refusal of the defendant to deliver the whole of the said stock to her in conformity with the terms of the judgment in her favor for the possession thereof; but we think that the appellant is correct in his contention that there was no evidence to support the finding of the trial court upon the issue as to the value of said stock, upon which the amount of its alternative judgment was predicated. It follows that the cause should be remanded for retrial upon this single issue, and it will be so ordered.

Judgment reversed, and cause remanded for retrial upon the single issue as to the value of the 25 shares of stock in question; and upon a determination of this issue the trial court is hereby directed to make its finding thereon, and to thereupon enter judgment in plaintiff's favor for the possession of the whole of said stock; or, in the event of the defendant's failure or refusal to deliver the same, an alternative judgment in damages against the defendant for a sum equal to three-fifths of the entire value of said stock, as found by the court upon the retrial of said issue.

Shaw, J., and Sloss, J., concurred.