[Civ. No. 4849. Second Appellate District, Division Two.—January 26, 1928.]

ELMER E. WINTERBURN, Respondent, v. CARRIE V. SHERRIFF, Appellant.

Robert M. Clarke and Henry L. Knoop for Appellant.

Charles F. Blackstock for Respondent.

THOMPSON, J.—This action was brought for the purpose of securing the cancellation of certain certificates of stock evidencing shares of the capital stock of the defendant corporation, Penn Investment Company, and the issuance of a new certificate on the ground that the certificates were wrongfully withheld by the defendant and appellant Carrie V. Sherriff. For a more complete statement of the nature of the action, reference may be had to an opinion on a former appeal in this same cause in 61 Cal. App. 531 [215 Pac. 406]. Subsequent to that decision the case was tried, resulting in a judgment that the seven certificates of stock, representing fifty-three shares, and being all of the shares mentioned in the complaint, should be canceled, and directing the defendant corporation upon tender to it of its costs to issue a new certificate for fifty-three shares. The appeal is from the judgment.

On January 4, 1921, W. J. Sherriff, who was the uncle of plaintiff and the brother-in-law of appellant, transferred to the plaintiff the shares of stock in question, apparently for a valuable consideration. In March of the same year, plaintiff redelivered the certificates, assigned by him in blank, to W. J. Sherriff, by whom they were retained until two days before his death in July, 1921, when, being advised of the seriousness of his illness, he delivered them to the appellant Carrie V. Sherriff. Before delivery the at-

tending physician, at the direction of Mr. Sherriff, filled in the name of appellant in the blank assignment on all except one certificate for ten shares, which by apparent oversight was left general. Over the consistent and strenuous objections of appellant's counsel the plaintiff was permitted to introduce testimony to the effect that the delivery of the certificates to W. J. Sherriff by plaintiff was upon the oral understanding between the plaintiff and his counsel that they were to be used by the latter in effecting a settlement with his wife, and if not used for that purpose were to be returned. It was further testified that the certificates of stock were never used for that purpose. It is the reception of testimony covering the oral agreement under which the stock was delivered to W. J. Sherriff of which appellant complains and which she urges as a ground for a reversal of the judgment, contending in support thereof that appellant's chain of title was complete; that plaintiff could not introduce testimony to vary the terms of the assignments by him and the delivery to W. J. Sherriff, contracts complete in themselves; that the testimony should have been excluded because the plaintiff having failed to plead that he intended the assignments for a limited purpose is precluded from proving such purpose; and lastly that plaintiff made a gift to W. J. Sherriff which was complete and irrevocable.

It will be observed at the outset of the discussion that appellant was not a purchaser for a valuable consideration, which circumstance, if it were present, might seriously alter the entire situation. Undoubtedly the delivery to appellant of the certificates clothed her with the external *indicia* of title as counsel asserts, and undoubtedly had she been an innocent third party parting with value she would have been protected under the authority of such cases as *Fowles* v. *National Bank of California,* 167 Cal. 653 [140 Pac. 271], but such rule is far different from saying that he who assigns a stock certificate in blank and delivers it to another shall not be permitted to show the real purpose of the delivery. In truth, the authorities relied upon by appellant (*Fowles* v. *National Bank of California, supra,* and *Bumiller* v. *Bumiller,* 179 Cal. 119 [175 Pac. 897]) recognize the right of the true owner to establish by competent testimony other than the contents of the assignment and in explanation thereof, the fact of ownership. Even though

the insertion of appellant's name in the general and blank assignment might under different circumstances alter the rule, it can make no difference in this action where the foundation of her claim is made to rest upon the title with which W. J. Sherriff was vested by the assignments in blank. Or to phrase it in other words, the question here is concluded by the answer to the question: Could the plaintiff have maintained the action and introduced the testimony, so far at least as the first objection is concerned, against W. J. Sherriff? This answer must be in the affirmative. As a further indication of the soundness of this rule, see *Barstow* v. *Savage M. Co.*, 64 Cal. 388 [49 Am. Rep. 705, 1 Pac. 349] , *Sayward* v. *Houghton*, 119 Cal. 545 [51 Pac. 853] , and *Popp* v. *Exchange Bank*, 189 Cal. 296 [208 Pac. 113].

The answer to this first objection constitutes also the answer to the second, namely, that the plaintiff could not introduce testimony to vary the terms of the general assignments followed by delivery of the certificates to W. J. Sherriff on the ground that such assignments followed by such delivery constitute contracts complete in themselves.

We are next confronted by the question of whether the failure of the plaintiff to plead that he intended the assignments for a particular purpose should have precluded him from introducing the testimony. The ultimate fact in issue was the ownership of the certificates of stock and whether they were being wrongfully withheld. There was no question of fraud involved in the case. Neither did plaintiff seek to establish a trust. Ownership of the certificates was to vest in W. J. Sherriff upon the happening of a certain condition, to wit, the consummation of a settlement with his wife, and he was clothed with the external *indicia* of ownership to assist him in bringing about the condition. We see no real difference in this situation and one where the assignment might have been made for the purpose of giving to another collateral security for a debt. Could it be said in the latter event and after payment of the debt a pleading of the ultimate fact of ownership and wrongful withholding without setting up the fact of the pledge would have precluded the plaintiff from showing the pledge? We think not, for the reason that the complaint is founded upon the theory that title never passed. So here,

the complaint is founded upon the theory that title never passed to W. J. Sherriff. To this effect we find the authority of *Jose Realty Co.* v. *Pavlicevich*, 164 Cal. 613 [130 Pac. 15], holding, under an allegation of ownership and right of possession to real property, that the plaintiff was entitled to prove, for the purpose of controverting the recitals in a trustee's deed made pursuant to the provisions of a deed to the trustee with a power of sale, that there was in fact no default and the recitals if permitted to stand uncontroverted would constitute a fraud upon him. That case and the authorities there noted sufficiently dispose of the question.

Appellant's last contention assumes a situation which does not exist. She asserts that a completed gift is irrevocable and it must be admitted that her statement of the law is unassailable. However, as we have already observed, there was no completed gift to W. J. Sherriff and was to be none except and upon the sole condition that he effected a settlement with his wife, which condition was never consummated. Hence the argument is unavailing.

Judgment affirmed.

Craig, Acting P. J., and Valentine, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 26, 1928.

All the Justices concurred.