[Civ. No. 5446. Third Appellate District.—February 5, 1936.]

ELMORE LITTEN, Appellant, v. GEORGE V. WARREN et al., Respondents.

David F. Hart and Shaeffer & Hart for Appellant.

Fred J. Goble, T. A. Twitchell and Morris J. Stephan for Respondents.

PULLEN, P. J.—This was an action to quiet title to certain real property in which the court found in favor of defendants.

Ebenezer Hopkins conveyed to Sallie Hopkins, his wife, in the following language a life estate in the property in ques-

tion, with remainder over "unto the party of the second part (Sallie Hopkins) a life estate with remainder in fee to David Charles Hopkins and Mary Litten, nee Hopkins, all of those certain parcels of land . . .

"It is hereby further witnessed and declared to be the intention of the parties hereto that if the said. Mary Litten, nee Hopkins, should die before the termination of the life estate hereby created, that in such event, the above estate created remainder should go to her son Elmore Litten and that in case of the death of both said Mary Litten, nee Hopkins, and her son Elmore Litten before the termination of said life estate, then the whole estate hereby created in remainder shall go to said David Charles Hopkins. . . .

"To have and to hold all and singular the said premises together with the appurtenances unto the said party of the second part, during her natural life and subject to the estates in remainder above created."

Thereafter David Charles Hopkins conveyed to Mary Litten Young, formerly Mary Litten, his interest and remainder. Some time later Mary Litten Young conveyed all of her right, title and interest in the property to her mother Sallie Warren, the life tenant. Thereafter Mary Fletcher, formerly Mary Litten Young, died, leaving three children, Elmore Litten, Charles Young and Maxine Fletcher. Shortly after the death of her daughter, Mary Fletcher, Sallie Warren, formerly Sallie Hopkins, died. Her surviving husband, George B. Warren, was appointed executor, and during the course of settling the estate obtained an order to mortgage the real property in question to C. L. Preisker, one of the defendants. Subsequently Elmore Litten, as plaintiff, commenced this action to quiet title to the property, basing his right and title thereto on the deed quoted above. After a trial the court rendered judgment in favor of defendants, from which judgment this appeal is prosecuted.

█ It is the contention of plaintiff that by virtue of the conveyance from Ebenezer Hopkins to Sallie Hopkins he acquired either a vested or contingent remainder in that portion of the property conveyed to his mother, Mary Litten.

We believe an analysis of the conveyance fails to support the contention of appellant but sustains the claim of respondents. The deed in clear and direct language "does grant, bargain, sell and convey unto the said party of the second

part a life estate with remainder in fee to David Charles Hopkins and Mary Litten, nee Hopkins'', the property in question. It is true that later in the deed the grantor attempted to state what the intention of the parties was, but the intention which it declared, is so at variance with the plain unambiguous provisions of the deed that the two cannot be reconciled, and therefore the definite and positive provision of the deed must prevail. Where there is an asserted modifying or limiting clause in a deed, if such clause be of doubtful import, the fee contemplated by the granting clause of the deed will not be cut down. (*Cooper* v. *Selig*, 48 Cal. App. 228 [191 Pac. 983].)

The conclusion that the title vested in David Charles Hopkins and Mary Litten is further supported by the accepted rule that favors the vesting of future interests as against the creating of contingent remainders, which are regarded with disfavor. (*Williams* v. *Williams*, 73 Cal. 99 [14 Pac. 394]; *In re De Vries Estate*, 17 Cal. App. 184 [119 Pac. 109].)

The instant case is somewhat analogous to the case of *McGarrigle* v. *Roman Catholic Orphan Asylum*, 145 Cal. 694 [79 Pac. 447, 104 Am. St. Rep. 84, 1 L. R. A. (N. S.) 315]. In that case a life estate was granted, and then the deed provided, ''it is the purpose of the party of the first part by this deed, that after the death of (life tenant) the . . . lands shall become and be a part of Roman Catholic Orphan Asylum . . . '' The court held that the orphanage was nowhere in the deed referred to as a grantee and the language used merely expressed the grantor's purposes in the future disposition of the property, requiring some future conveyance to effectuate the transfer. So here, no words of conveyance or grant are found to create an estate in Elmore Litten. The deed provides that at some future time upon the happening of some event, the remainder over shall go to Elmore Litten, provided a certain event comes to pass.

An attempt is also made to disqualify the trial judge on the ground that he had once had dealings as an attorney with the parties to the original deed and agreement, which was later received in evidence.

The only evidence that the trial judge had had any dealings with the parties was that in an agreement between Ebenezer Hopkins and Sallie Hopkins, dated May, 1908, and

recorded in 1911, dealing with the conveyance of the property, the instrument was recorded at the request of N. B. Bigler. The trial in question occurred some twenty-two years later. There was no evidence that the trial judge, the Honorable N. B. Bigler, had any knowledge of the contents of said agreement nor that the parties had consulted him in regard thereto. This objection was not made, nor .was the question called to the attention of the trial judge until upon a motion for a new trial. This instrument was introduced in evidence by appellant and we must assume that he had knowledge of the fact that N. B. Bigler, an attorney, had caused said instrument to be placed on record. We cannot hold that a mere recording of an agreement, at the request of one who later became a judge of the superior court, is sufficient to disqualify unless it is made to appear by timely objection that the trial judge had knowledge of the contents of the instrument or had been attorney for either of the parties thereto.

Finding no error, the judgment should be affirmed, and it is so ordered.

Plummer, J., and Thompson, J., concurred.