[Civ. No. 13063. First Dist., Div. One. Aug. 26, 1946.]

FRANCIS O'NEILL, as Executor, etc., et al., Appellants, v. JOHN FRANCIS O'MALLEY, Respondent.

822

Wayne R. Millington for Appellants.

Phil F. Garvey and Julia M. Easley for Respondent.

PETERS, P. J.—Plaintiffs and cross-defendants appeal from a judgment of the trial court quieting the title of defendant and cross-complainant to a certain contract and to certain real property in Marin County.

The appellants are the executor of the estate of Charlotte M. O'Malley, deceased, and the trustees of certain devisees named in her will. The respondent is the surviving husband of Charlotte M. O'Malley. By this action appellants seek to quiet the title of the deceased wife's estate to a certain contract of purchase and to the property described therein, which contract was originally entered into between the Veterans' Welfare Board of California on one side, and respondent on the other. It is admitted that subsequent to the date this contract was entered into it was, with the approval of the board, assigned to Charlotte M. O'Malley as her sole and separate property, and the claim of appellants is based upon this assignment. The respondent claims title to the contract and property as the result of a later assignment made by Charlotte M. O'Malley to herself and respondent as joint tenants. This assignment was not approved by the board. Judgment was rendered in favor of respondent. That judgment quiets respondent's title to the contract of purchase and to the real property involved as against appellants. It is from that judgment that this appeal is taken. It should here be noted that the board was not made a party to this action, nor has it appeared herein. So far as any rights it may have are concerned it is not bound by the judgment.

The facts are not substantially in dispute, and are as follows:

On August 27, 1937, while Charlotte M. O'Malley and the respondent were husband and wife, the board entered into a contract with respondent for the sale and purchase of the real property in question. This contract provided for installment payments. Respondent was named as sole purchaser. On October 25, 1943, the respondent assigned his entire interest in this contract to his wife, Charlotte M. O'Malley as her separate property. This assignment was formally approved in writing by the board. At that time a divorce proceeding was pending between the O'Malleys and the assignment by respondent was made as part of a property settlement. On October 26, 1943, an interlocutory decree of divorce was entered. Subsequent to this assignment and until the time of her death on June 17, 1944, Charlotte M. O'Malley made all payments called for by the contract. The one-year period after the date of the interlocutory had not expired at the time of Charlotte M. O'Malley's death and no final decree had then been entered.

On March 15, 1944, under circumstances not disclosed by the record, Charlotte M. O'Malley and respondent entered into a written contract whereby all the rights and privileges under the contract with the board were assigned and transferred to themselves as joint tenants. By this contract they agreed that the property described in the contract with the board was to be held and owned by them as joint tenants with all the rights and incidents appurtenant to an estate in joint tenancy, subject to the contract with the board. It was stipulated that Charlotte M. O'Malley's signature to this contract was genuine. Prior to the death of Charlotte M. O'Malley this joint tenancy assignment was not submitted to the board nor was its approval or consent secured. The assignment was not acknowledged nor was it in the form prescribed by the board for the transfer of property in joint tenancy.

The original contract of sale with the board contained a covenant against assignment without consent of the board in the following language: "The real property described herein shall not, voluntarily or involuntarily by operation of law or otherwise, be transferred, assigned, encumbered, leased, let or sublet, in whole or in part, without the written

consent of the Board, until the Purchaser has paid therefor in full and has complied with all the terms and conditions hereof.'' This provision was inserted pursuant to the statutes prescribing the terms of such contracts. (See Mil. & Vet. Code, §§ 821 and 987.1.)

After the death of Charlotte M. O'Malley, respondent, on October 6, 1944, secured a decree establishing the fact of her death, and terminating the joint tenancy. In the meantime, the will of Charlotte M. O'Malley was admitted to probate and letters testamentary were issued to Francis O'Neill, one of the appellants herein.

On October 11, 1944, a certified copy of the decree establishing the fact of Charlotte M. O'Malley's death and terminating the joint tenancy was sent by respondent to the board and was received by it October 13, 1944. On November 16, 1944, the respondent presented to the board the March 15, 1944, assignment, and later tendered the full balance of the purchase price. The board refused to approve the assignment or to give respondent a deed for the reason that the representatives of the estate of Charlotte M. O'Malley had written the board claiming to own the contract of purchase and the property covered thereby. The board, in view of the adverse claims, decided to take a neutral position and to let the parties litigate the issue. It should be again emphasized that the board is not a party to this action.

The main contention of appellants is that the March 15, 1944, assignment in joint tenancy was void because the consent of the board was not secured. Before this main point is discussed, however, there are certain preliminary matters that should be mentioned. There would seem to be no doubt that, aside from the question of consent, the assignment of March 15, 1944, was valid. It complied with the requirements of section 683 of the Civil Code. ■ There can be no doubt that the interest of a vendee under a contract to sell land is assignable. (See cases collected, 25 Cal.Jur. § 176, p. 698; 4 Williston on Contracts (rev. ed.) § 930, p. 2608.) ■ A vendee under a contract of purchase acquires an equitable estate in the property involved (see cases collected, 25 Cal.Jur. § 111, p. 603) and this equitable interest may be the subject of a joint tenancy. (See cases collected, 7 Cal. Jur. § 6, p. 337; 33 C.J. § 8, p. 906; 14 Am.Jur. § 10, p. 81.)

This brings us to the question as to whether this assignment was invalid because the consent of the board was not se-

cured. Had the original contract of purchase been between private parties and contained the identical provision above quoted against assignment without consent of the seller, there can be no doubt at all that an assignment by the vendee without consent of the vendor would as between the parties and those claiming under them be valid. This exact problem has recently been reviewed by the Supreme Court in *Johnston* v. *Landucci*, 21 Cal.2d 63 [130 P.2d 405, 148 A.L.R. 1355]. That case involved the validity of an assignment made by Landucci of his interest in a contract of purchase of real property. In the original contract between the vendor and vendee there was a provision that: " 'Neither this contract nor any interest therein shall be assignable without the written consent of the seller.' " (P. 67.) It was contended that because such consent had not been secured the assignment was invalid. The court discussed the problems as follows (p. 67):

"Although there are no cases directly in point in California, the overwhelming weight of authority in other jurisdictions is to the effect that provisions against assignment, such as that contained in paragraph 17 of the Miller & Lux contract, are for the benefit of the vendor only, and in no way affect the validity of an assignment without consent as between the assignor and assignee. In other words, the interest of the assignor in the contract passes to the assignee, subject to the rights of the original seller. This is the rule set forth in the Restatement of the Law of Contracts. Section 176 reads as follows: 'A prohibition in a contract of the assignment of rights thereunder is for the benefit of the obligor, and does not prevent the assignee from acquiring rights against the assignor by the assignment or the obligor from discharging his duty under the contract in any way permissible if there were no such prohibition.'

"The rule that such provisions are for the benefit of the seller and in no way affect the validity of an assignment as between the assignor and assignee is the rule adopted by the United States Supreme Court (*Portuguese-American Bank* v. *Welles*, 242 U.S. 7 [37 S.Ct. 3, 61 L.Ed. 116]), and is the rule approved by Williston in his work on Contracts (Williston on Contracts, Revised ed., vol. II, § 422). Although there are no cases in California dealing directly with the assignment of choses in action in violation of a provision

against assignment, there are several cases which hold that the prohibition in a lease against assignment is for the benefit of the lessor, and that an assignment without consent passes the interest of the assignor to the assignee. [Citing 4 cases.]'' (See for an interesting discussion of the problem 31 Mich.L.Rev. 1.)

It is quite clear, if the same rule applies between the state and an individual as applies between individuals, that, under the rule of the Landucci case the assignment here between the husband and wife creating the joint tenancy was valid between the parties even though the consent of the board was not secured. The assignment would then, of course, be valid as to appellants who claim through Charlotte M. O'Malley. Appellants urge, however, that the powers of the Veterans' Welfare Board are limited by statute, and that under sections 821 and 987.1 of the Military and Veterans' Code there is a limitation made by law against assignment. Section 821 provides: *"Board to specify terms of contract: No transfer without board's consent.* The board in each individual case may specify the terms of the contract entered into with the purchaser, but no property sold under the provisions of this chapter shall, voluntarily or involuntarily, by operation of law or otherwise, be transferred, assigned, encumbered, leased, let or sublet, in whole or in part, without the written consent of the board, until the purchaser has paid therefor in full and has complied with all the terms and conditions of his contract of purchase.'' Section 987.1 is in substantially identical language.

There can be no doubt at all that under these sections there is a limitation against assignment written into every board contract by operation of law even if not expressed. But it is quite clear that if private individuals incorporated into their contract the exact language of the two statutes, under the Landucci case, such language would be interpreted to be for the sole benefit of the vendor and would in no way affect the validity of the assignment between the assignor and assignee. It would seem that that language when used in a statute should not be given a different meaning. What appellants have overlooked is that there is a strong public policy in favor of the free transferability of property, and that such provisions have quite uniformly been interpreted as being for the sole benefit of the vendor and do not affect

the rights *inter se* of the assignor and assignee. The board is not a party to this action and its rights are not involved. The Legislature, in the absence of compelling language to the contrary, must be held to have meant by the language used exactly what private individuals would have meant had they used the language. Words do not acquire a peculiar and different meaning because used in a statute. Moreover, even if it be urged that the statutory provisions in question are intended to protect the veteran purchaser, it cannot be contended that they would apply to a situation such as is here presented where the veteran-purchaser is also the assignee. In such event the reason for any such assumed rule does not exist.

█ The appellants also suggest that the assignment of March 15, 1944, may be invalid because there is no evidence that it was actually delivered. The point is without merit. The law is clear that possession by the grantee is prima facie evidence that it has been delivered to him. (*Miller* v. *Jansen*, 21 Cal.2d 473, 477 [132 P.2d 801]; *Butler* v. *Woodburn*, 19 Cal.2d 420, 425 [122 P.2d 17]; *Stewart* v. *Silva*, 192 Cal. 405, 409 [221 P. 191].) This presumption is alone sufficient to support the finding of the trial court. (*Smellie* v. *Southern Pacific Co.*, 212 Cal. 540 [299 P. 529].)

█ The appellants also suggest that, inasmuch as the assignment was made between husband and wife, under section 158 of the Civil Code it is subject to the rules which apply to persons in a confidential relationship, and urge that under section 2235 of the Civil Code it must be presumed that the transaction was entered into without consideration and under undue influence. These issues were not raised by the pleadings, nor were they relied upon in the trial court. Under such circumstances they cannot be raised for the first time on appeal. (*Conneally* v. *San Francisco S. & L. Soc.*, 70 Cal.App. 180 [232 P. 755].)

█ The appellants also suggest that, since the exact date of delivery of the assignment was not shown in the evidence, although it is dated March 15, 1944, it may have been delivered prior to October 25, 1943, the date respondent assigned his interest to his wife. A grant, in the absence of evidence to the contrary, is presumed to have been delivered on the date appearing thereon. (Civ. Code, § 1055; *Miller* v. *Jan-*

*sen,* 21 Cal.2d 473, 477 [132 P.2d 801] ; *Ward* v. *Dougherty,* 75 Cal. 240 [17 P. 193, 7 Am.St.Rep. 151].) There was no contrary evidence.

The judgment is affirmed.

Ward, J., and Schottky, J. pro tem., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 24, 1946.