[Civ. No. 17489.   Second Dist., Div. One.   Mar. 15, 1950.]

DELLA N. JOHNSON, Appellant, v. RALPH B. ALTMAN et al., Respondents.

Ratzer & Bridge for Appellant.

Lee J. Myers for Respondents.

DRAPEAU, J.—By the instant action, plaintiff seeks to establish a trust in an undivided one-half interest of a parcel of realty together with the household equipment and certain livestock located upon the premises.

It appears to be undisputed that pursuant to an oral agreement between them, the parties hereto purchased the property on February 21, 1946, for $14,000 cash.   Plaintiff and defendants each contributed $5,000 of their own money and defendants borrowed $4,500, payable at the rate of $47.73 per month, secured by a trust deed on the property.   Four thousand dollars of this loan was used to complete the purchase price, the balance of $500 was retained by defendants. It was also agreed that each of the parties was to pay one-half of the purchase price and that title to the property should be taken in the names of the defendants.   It is conceded that

plaintiff never paid the remaining $2,000 which she assumed to pay on the purchase price.

Plaintiff testified that she repeatedly requested defendants between February 21 and July 5, 1946, to give her some written evidence of her ownership of an undivided one-half interest in the property. Defendant Ralph B. Altman, who is plaintiff's brother, testified that he had a conversation with plaintiff on July 5th at which time the latter stated that she "wanted to get out of the deal. She didn't want any part of the property. All she wanted was her money back with interest." As a result the following instrument was executed by defendants and delivered to plaintiff:

"Feb. 21, 1946

"Received of Della N. Johnson the sum of Five Thousand no/100 dollars ($5,000.00) as a loan with interest at 6%. To be paid in part or in full as soon as possible.

R. B. Altman
Cora S. Altman"

With respect to this document the trial court questioned plaintiff as follows:

"The Court: Let me ask you a question, Mrs. Johnson. When he handed you this paper you testified he said, 'Suppose we make this a straight loan.' You said, 'All right'?

"The Witness: I said all right because I didn't have anything at all to show that I had given him $5,000.00.

"The Court: I understand. When you were given this paper you understood that your $5,000 was then a loan which they were to pay you back in cash. Was that the idea?

"The Witness: Cash plus interest, yes.

"The Court: Which would take the place of your interest in the property?

"The Witness: Yes."

Thereupon the court found that after February 21, 1946, difficulty and disagreements arose between the parties regarding the property and on July 5, 1946, plaintiff "orally agreed to transfer and surrender to defendants her interest in said property" in consideration of the defendants agreeing to pay her within a reasonable time after that date the sum of $5,000, with interest at 6 per cent computed from February 21, 1946. That defendants "thereupon agreed to pay to plaintiff said sum of $5,000, within a reasonable time after July 5, 1946," with interest at 6 per cent from February 21, and the plaintiff "thereupon released and relinquished to said defendants all

of her interest'' in said property, which agreement was evidenced by the memorandum in writing heretofore quoted in full.

From the ensuing judgment in favor of defendants, plaintiff appeals, urging that since her interest could be transferred only by an instrument in writing in the manner and form prescribed by statute, she has never lost her right to an undivided one-half interest in the property.

While, as stated by the trial court, ''there is no satisfactory decision in California upon the subject,'' section 460, Restatement of Trusts, recites the rule commonly followed:

''Where a transfer of an interest in land is made to one person and the purchase price is paid by another, the resulting trust which arises in favor of the payor can be extinguished by an oral conveyance or surrender of his interest by the beneficiary of the resulting trust to the trustee.

''*Comment: a.* The resulting trust in this situation arises from the fact of the payment of the purchase price and without any writing. As has been stated the inference that a resulting trust arises from the payment of the purchase price can be rebutted without a writing (see sec. 441, Comment b). Similarly, it can be extinguished without a writing.''

In the California annotations to this volume it is said regarding section 460, *supra,* that no case in point was found, but that *Millard* v. *Hathaway,* 27 Cal. 119, contains dicta that a release by the payor of his interest under a resulting trust must be proved in writing.

Appellant here relies upon *Millard* v. *Hathaway, supra.* Respondents cite *Carter* v. *Hopkins,* 79 Cal. 82 [21 P. 549], in which money had been advanced by one Bouldin, plaintiff's intestate, to purchase a lot in San Francisco, title to which was taken in the name of Hopkins. In the action brought to establish a resulting trust, there was testimony that there had been a settlement between Bouldin and Hopkins in which the latter had conveyed to Bouldin certain property in San Bernardino County in payment of all advances made by Bouldin, although there was no conveyance by Bouldin of his interest in the trust property. A nonsuit granted at the close of plaintiff's evidence was sustained. Upon appeal *Millard* v. *Hathaway, supra,* was cited and relied upon, but the court stated: ''Conceding that a resulting trust was established as to the lot in the city and county of San Francisco, the court is of the opinion that this trust was extinguished by the con-

veyance by Hopkins to Bouldin of the land in the county of San Bernardino, and that the statute of frauds does not require a conveyance by Bouldin to Hopkins of his equitable interest in the San Francisco lot.''

An interesting discussion of the point here at issue may be found in *Nicolds* v. *Storch,* 67 Cal.App.2d 8, at 14-16 [153 P.2d 561]. The question is not there directly decided however, because of the applicability of the doctrine of equitable estoppel to the facts presented.

In the cause here under review, it is clear that after the agreement of July 5, 1946, was made, respondents paid all taxes and other expenses of maintaining the property as well as the installments on the trust deed, and that appellant made no contributions of any kind, testifying at the trial that after the agreement was made she considered she was no longer responsible for payments on the trust deed. Such factual situation comes within the doctrine of equitable estoppel stated in 106 American Law Reports 1318, to wit: ''Whatever may be the nature of the trust relation, all courts agree that where there has been some performance by the trustee in accordance with the oral contract, or where his position has been changed as a result of it, the surrender is effective irrespective of the requirements of the Statute of Frauds.''

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied April 3, 1950, and appellant's petition for a hearing by the Supreme Court was denied May 11, 1950.