[Civ. No. 17856.   Second Dist., Div. One.   May 15, 1951.]

HENRY LOWENTHAL, as Administrator, etc., Appellant, v. ADELE KUNZ et al., Respondents.

Paul J. Otto and Irvin C. Evans for Appellant.

Harry S. Apter for Respondents.

HANSON, J. pro tem.—The question here presented is whether a joint tenancy deed executed by the record title holder to herself and another, as grantees, is invalid and ineffective merely because the title holder had originally acquired an undivided one-half interest in the property from her cograntee, without consideration, upon an oral agreement to hold said interest for her in trust. The answer to the question depends upon the interpretation to be given to Civil Code, section 683. As a prelude to its consideration we state the facts.

The defendant Adele Kunz and plaintiff's intestate Pauline Lowenthal, while business partners, acquired in 1924, as tenants in common, the real property here involved by a grant deed which conveyed an undivided half interest therein to each. Until the death of Pauline the two continued to reside in the property. Meanwhile in 1932 Pauline by a grant deed conveyed her interest to Adele, without consideration, but upon the oral agreement of Adele to hold such interest in trust for Pauline. In 1943 Adele upon the request of Pauline executed a joint tenancy deed to the property in which she

and Pauline were named as grantees. This deed was recorded in 1945. In 1948 Pauline died.

Plaintiff, as administrator of the estate of Pauline, contended in the court below, and contends here as well, that the joint tenancy deed was invalid by virtue of the provisions of Civil Code, section 683, and accordingly that he is vested with an equitable undivided one-half interest in the property by virtue of the oral agreement made by Adele in 1932.

The language of Civil Code, section 683, so far as it is here material and applicable (with the language within the brackets supplied by us) reads as follows:

"A joint interest is one owned by two or more persons in equal shares, by a title [legal, equitable or otherwise] created by a single . . . transfer, . . . from a *sole owner* to himself and others, . . . when expressly declared in the transfer to be a joint tenancy, . . ." (Italics supplied.)

The statute expressly provides that a joint tenancy interest to be owned by two or more persons in equal shares may be created by a "transfer from a sole owner to himself and others." Was Adele Kunz, the grantor in the joint tenancy deed to herself and Pauline, a "sole owner" within the meaning of that phrase in the statute? Appellant contends she was not because at the time she executed the deed she held an undivided one-half interest in the property in trust for Pauline. Hence the argument runs she could not be the sole owner.

In interpreting the language "Sole owner" as found in the statute we need to keep in mind that a "joint interest" (i. e., a joint tenancy) may be of a legal estate, an equitable estate, or any other type of estate recognized by the law. (48 C.J.S., § 3b, pp. 914-915; 33 C.J. 907; *Edmonds* v. *Commissioner of Internal Revenue,* 90 F.2d 14 at page 16.)

Hence, it is clear that if there is only one owner of record of a legal estate or title, he is the sole owner thereof even if the ownership is only of the naked legal estate or title. For instance, in the ordinary conveyance of a fee to A, in trust for X, it is well established that A is the sole owner of the legal estate and that X is the sole owner of the beneficial or equitable estate. Under such circumstances, unless the deed under which A claims provides otherwise, it is plain that under the statute A may convey the legal title to himself and another as he is the sole owner of what he conveys, i. e., the legal title. Such a conveyance, however, would not affect X's beneficial or equitable estate or title and he could enforce

his rights thereunder as against the grantees of A. By the same token X could transfer his beneficial or equitable estate under the statute to himself and another as he is the sole owner thereof. Nowhere in the statute do we find language restricting the words "sole owner" to "sole owner of the land" or "sole owner of the estate or title." ■ Accordingly, "sole owner" as used in the statute refers to anything as to which there may be sole ownership. With this interpretation of the language of the statute we turn to apply it to the facts of the case.

■ Respondent Adele concedes that immediately before she executed the joint tenancy deed she held the legal title, subject to an oral trust in favor of Pauline of an undivided one-half interest in the property. The evidence discloses and the trial court found, that Pauline requested her to execute and place of record a joint tenancy deed in which the two should be named as grantees with a right of survivorship. This oral request by Pauline when acted upon by Adele terminated the equitable right which Pauline had in the property as it was not created by a writing nor was it of record. (This rule appears not only to be correct in principle but it accords with the great weight of authority which we think should be followed. See 3 Scott on Trusts, § 460, p. 2306; Rest., Trusts, §§ 441, comment b, and 460; *cf. Carter* v. *Hopkins,* 79 Cal. 82 [21 P. 549]; *Johnson* v. *Altman,* 96 Cal.App. 2d 467 [215 P.2d 768]; *Nicolds* v. *Storch,* 67 Cal.App.2d 8 [153 P.2d 561]; *Beatty* v. *Guggenheim Exploration Co.,* 225 N.Y. 380 [122 N.E. 378]; *Deadman* v. *Yantis,* 230 Ill. 243 [82 N.E. 592, 120 Am.St.Rep. 291].) ■ A right in property which arises by an oral agreement may be released by an oral agreement, or its equivalent, as by an oral request to convey or release. (Cases and texts, *supra.*) If Adele had executed and recorded the joint tenancy deed without the request or knowledge of Pauline we would be presented with a situation which is not here for decision. Upon the facts of the case it seems plain that the decision below was in all respects correct.

Judgment affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied June 11, 1951, and appellant's petition for a hearing by the Supreme Court was denied July 12, 1951.