[S. F. No. 19261.   In Bank.   Oct. 11, 1956.]

WILLIAM BRANCH RILEY, Respondent, v. HALLIE
FORD TURPIN, Appellant.

Russell T. Ainsworth for Appellant.

Hilary H. Crawford and Hilary H. Crawford, Jr., for Respondent.

SCHAUER, J.—Defendant appeals from an interlocutory judgment in partition under which certain real property is ordered sold and the proceeds divided between plaintiff and defendant according to a formula set forth in the judgment. We have concluded that the judgment is correct except as to computation of the percentages of the proceeds to which the respective parties are entitled, but that a reversal is required for further proceedings to permit correction of the error.

In February, 1941, Arthur Brand and Hallie Turpin (defendant) entered into a written agreement whereby a home owned by Brand would thereafter be "the joint property of the parties hereto with the right of survivorship, except that in the event that" William Riley (Brand's nephew, and plaintiff herein) survived both of them the property "shall vest in WILLIAM BRANCH RILEY, in fee simple, but in the event of the death of WILLIAM BRANCH RILEY, dying before both of the parties to this Agreement, then the survivor of . . . [Brand and Turpin] shall take all the property in fee simple absolute."

Brand died in May, 1947, and defendant, Mrs. Turpin, has lived in the home ever since. She did not pay the real property taxes and on June 25, 1948, the property was sold to the state. (Rev. & Tax. Code, § 3436.) Near the end of the five-year redemption period plaintiff Riley made formal demand upon defendant to pay the taxes but she failed to do so. In May, 1953, plaintiff paid enough on the taxes to prevent a final forfeiture. (Rev. & Tax. Code, § 3613.)

In July, 1953, plaintiff filed this suit against Mrs. Turpin seeking partition and sale of the property and recovery, from defendant's share of the sale proceeds, of the taxes paid by plaintiff. The court entered its interlocutory judgment so ordering,[1] and this appeal by defendant followed.

---

[1] See Code of Civil Procedure, sections 752, 763, under which sale of the property is authorized in lieu of physical partition.

As grounds for reversal, defendant first urges that under the written agreement plaintiff has no interest in the property whatsoever, and suggests that he acted as a mere volunteer in paying the taxes. It is apparent, however, that the trial court properly held that defendant is the owner of a life interest in the property with a contingent remainder in the fee dependent upon her surviving plaintiff, and that plaintiff is owner of a contingent remainder in the fee dependent upon his surviving defendant.

Defendant argues that because the right of survivorship is one of the essential elements to a joint tenancy, therefore any exception to such right contained in the agreement is irreconcilable and repugnant to a joint tenancy estate and is therefore void. This contention is without merit. *McDonald* v. *Morley* (1940), 15 Cal.2d 409 [101 P.2d 690, 129 A.L.R. 810], and *California Trust Co.* v. *Anderson* (1949), 91 Cal. App.2d 832 [205 P.2d 1127], relied upon by defendant, both involved joint tenancies in the entire estate in the property involved, whereas in the present case the joint tenancy created was of a life estate only, based upon the life of the survivor of the two parties to the agreement, Brand and defendant.

A joint tenancy may, of course, be created in an equitable or legal estate or any other kind of estate recognized by the law. (See *O'Neill* v. *O'Malley* (1946), 75 Cal.App.2d 821, 824 [171 P.2d 907]; *Lowenthal* v. *Kunz* (1951), 104 Cal.App.2d 181, 183 [231 P.2d 62]; 13 Cal.Jur.2d 300.)

Brand and Mrs. Turpin agreed that as between themselves the survivor should retain the property until his or her death, and that the remainder would be the property of the survivor as between themselves and plaintiff Riley. Thus, Brand and Mrs. Turpin held a life estate in joint tenancy, and Brand, Mrs. Turpin and Riley each held a contingent remainder, dependent upon surviving the other two. In *Zeigler* v. *Bonnell* (1942), 52 Cal.App.2d 217, 220 [126 P.2d 118], the court remarked that ''While both joint tenants are alive each has a specialized form of life estate, with what amounts to a contingent remainder in the fee, the contingency being dependent upon which joint tenant survives.''

*McGarrigle* v. *Roman Catholic Orphan Asylum* (1905), 145 Cal. 694 [79 P. 447, 104 Am.St.Rep. 84, 1 L.R.A.N.S. 315], and *Litten* v. *Warren* (1936), 11 Cal.App.2d 635 [54 P.2d 39], also relied upon by defendant, concern writings lacking the specific and definite language employed by the

parties to the agreement here involved, and contain nothing in point or persuasive on the issues before us.

The next question is whether Riley is entitled to bring an action in partition against Mrs. Turpin. Section 752 of the Code of Civil Procedure provides that ". . . where real property is subject to a lien on a parity with that on which the owner's title is based, [an action in partition may be brought] by the owner or by the holder of such lien, for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appears that a partition can not be made without great prejudice to the parties." Here, the obligation to pay the taxes was upon Mrs. Turpin as life tenant (Civ. Code, § 840), and, as we have seen, Riley paid them in order to prevent final forfeiture of the property. It is established that, as a contingent remainderman, his interest in the property was such as to entitle him to make such payment without being considered a mere volunteer (*Schofield* v. *Green* (1944), 115 Ind.App. 160 [56 N.E.2d 506, 507 [1], 508 [7]]; Sheldon on Subrogation, p. 12; 31 C.J.S. 116-117; see also *Treat* v. *Craig* (1901), 135 Cal. 91, 93 [67 P. 7]; *San Gabriel Valley L. & W. Co.* v. *Witmer Bros. Co.* (1892), 96 Cal. 623, 635 [29 P. 500, 31 P. 588, 18 L.R.A. 465]; *Miller & Lux, Inc.* v. *Sparkman* (1932), 128 Cal.App. 449, 453-454 [17 P.2d 772]; *Estate of Kemmerrer* (1952), 114 Cal.App.2d 810, 814 [251 P.2d 345, 35 A.L.R.2d 1393]; 20 Cal.Jur. 908-909; *cf. Huddleston* v. *Washington* (1902), 136 Cal. 514 [69 P. 146]); and that under equitable principles of subrogation he thereby succeeded to the lien held by the public taxing bodies. (See *Willmon* v. *Koyer* (1914), 168 Cal. 369, 371, 374-375 [143 P. 694, L.R.A. 1915B 961]; *Fresno Investment Co.* v. *Brandon* (1926), 79 Cal.App. 387 389 [249 P. 548]; *Bumiller* v. *Bumiller* (1918), 179 Cal. 119, 124 [175 P. 897]; *Finnell* v. *Finnell* (1911), 159 Cal. 535, 540 [114 P. 820]; *Kenny* v. *Kenny* (1950), 97 Cal.App.2d 60, 62-63 [217 P.2d 151]; *In re McCarty's Estate* (1936), 158 Misc. 287 [285 N.Y.S. 641, 643-644]; Harris on Subrogation, p. 224; 23 Cal.Jur. 925-926, 930, 935, and cases there cited; 50 Am. Jur. 728-729, 762; 61 A.L.R. 587; 106 A.L.R. 1212; see also 33 Am.Jur. 997.) Further, it is specifically provided in section 2903 of the Civil Code that "Every person, having an interest in property subject to a lien, has the right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed, and, by such re-

demption, becomes subrogated to all the benefits of the lien, as against all owners of other interests in the property, except in so far as he was bound to make such redemption for their benefit." (See *Stein* v. *Simpson* (1951), 37 Cal.2d 79, 83-85 [3, 4, 5, 6] [230 P.2d 816]; *Bumiller* v. *Bumiller* (1918), *supra*, 179 Cal. 119, 124; *Kenney* v. *Kenney* (1950), *supra*, 97 Cal.App.2d 60, 62-63; *Seale* v. *Balsdon* (1921), 51 Cal.App. 677, 680 [197 P. 971].)

We conclude that plaintiff holds a lien against the involved property which qualifies him to bring this action in partition under the provisions of section 752, quoted hereinabove.

Defendant next contends that the trial court erred in providing that the amount of taxes paid by plaintiff be deducted from defendant's share of the proceeds of sale of the property. As already indicated, however, plaintiff held a lien on the property for the amount of such taxes, which he had paid to meet an obligation which legally was that of defendant. Under such circumstances no error appears in the respect complained of by defendant. (*Willmon* v. *Koyer* (1914), *supra*, 168 Cal. 369, 374.)

Defendant further urges that her motion for a new trial on the ground of newly discovered evidence should have been granted. Such motion was supported by affidavit of her attorney that following the trial he had discovered a recorded deed by which Brand had conveyed his interest in the property to plaintiff's father and that the father was therefore a necessary party in the partition action. The father executed a counteraffidavit in which he denied any delivery of the deed; and alleged that during Brand's last illness he, the father, had found it among Brand's personal effects and had it recorded without realizing that there had been no delivery of the deed to him, that as executor of Brand's last will and testament the father had in 1947 filed a federal estate tax return in which it was stated that the deed had not been delivered, that the father claimed no interest in the property, and that property covered by the deed (other than the "joint tenancy" property involved in the present partition action) had been included in the estate inventory and was being administered as part of Brand's estate. In his affidavit the father further disclaimed any interest in the property, and a quitclaim deed was executed by him and recorded before the court ruled on the new trial

motion. The trial court was therefore warranted in concluding that the father had never acquired any interest in the property and in denying a new trial.

Defendant's final contention is that the trial court erred in apportioning the proceeds of sale between the parties in proportion only to the respective values of their contingent remainders, based on their respective life expectancies, and in failing to take into account the value of defendant's life estate. In this defendant is correct. Section 778 of the Code of Civil Procedure provides that "The person entitled to a tenancy for life, . . . whose estate has been sold [in partition proceedings], is entitled to receive such sum as may be deemed a reasonable satisfaction for such estate, and which the person so entitled may consent to accept instead thereof, by an instrument in writing . . .," and section 779 of the same code states that if the amount of such reasonable satisfaction is not agreed upon, "at or before a judgment of sale is rendered, the court must ascertain and determine what proportion of the proceeds of the sale, after deducting expenses, will be a just and reasonable sum . . ." It follows that the judgment must be reversed to permit determination, in accordance with the above-quoted sections, of the sum to be received by defendant as satisfaction for her life estate.

The judgment is reversed and remanded for such further proceedings as may be necessary to make findings of fact and conclusions of law and to enter a judgment not inconsistent with the views expressed herein, each party to bear his or her own costs on appeal.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Spence, J., and McComb, J., concurred.